**The STATE of Ohio, Appellee,**

**v.**

**BAKER, Appellant.**

[Cite as *State v. Baker*, 159 Ohio App.3d 462, 2005-Ohio-45.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2004 CA 29.

Decided Jan. 7, 2005.

Elizabeth A. Ellis, and Andrew J. Hunt, Greene County Assistant Prosecuting Attorneys, for appellee.

J. Allen Wilmes, for appellant.

WOLFF, Judge.

{¶ 1} Korey L. Baker was found guilty by a jury in the Greene County Court of Common Pleas of attempted murder and felonious assault, each conviction including a firearm specification. He was acquitted on two other counts. Baker was sentenced accordingly. He appeals from his convictions.

{¶ 2} The state's evidence established the following facts.

{¶ 3} Richard James encountered Baker at the Landmark Apartment complex in Fairborn before dusk on the evening of September 13, 2003. James, believing that Baker had stolen some tire rims from him, yelled at Baker and swung a golf club at him, possibly hitting him in the chest. Baker fled to his car, which was nearby but parked in the parking lot of a different apartment complex, and he retrieved a gun. By Baker's own admission, he fired seven shots back toward the group in which James was standing, hitting James in the lower leg. Baker then fled in his car. He reported to the police station two days later with his mother, who produced the weapon in question.

{¶ 4} According to the state's witnesses, James had not been pursuing Baker or even looking at him when the shooting began. They also testified that Baker

had shot at James, and not at the ground. Physical evidence found at the scene, including a bullet lodged in the nearby apartment building, bolstered the witnesses' testimony that Baker had not shot at the ground. The physical evidence also showed that Baker fired at James from the parking lot of an adjoining apartment complex.

{¶ 5} Baker claimed that he had acted in self-defense. He claimed that a group of six or seven people, including James with the golf club and a short white man with a knife, had chased him toward his car, and that he had grabbed the gun from the car and started firing to scare the men away. Baker claimed that he had not had an opportunity to escape from the situation. He acknowledged firing seven shots, but claimed that he had fired toward the ground.

{¶ 6} Baker was tried by a jury on January 5 and 6, 2004. He was found guilty of one count each of attempted murder and felonious assault, with firearm specifications as to each count. He was sentenced to nine years of imprisonment for attempted murder, six years for felonious assault, and three years for each of the firearm specifications. The court ordered that the sentences be served consecutively, with the exception that the two firearm specifications be served concurrently, for a total sentence of 18 years.

{¶ 7} Baker raises two assignments of error on appeal.

I. Appellant was denied effective assistance of counsel by the cumulative effect of trial counsel's failure to request a jury instruction for aggravated assault and his failure to prepare and interview his witnesses, *viz*, M. Harrison.

{¶ 8} Baker alleges that he was denied the effective assistance of counsel at trial. We review this claim under the two-prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶ 9} Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, 80 L.Ed.2d 674. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that but for the errors, the result of the trial would have been different. Id. Deficient performance means that claimed errors were so serious that the defense attorney was not functioning as the "counsel" that the Sixth Amendment guarantees. *State v. Cook* (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time,

and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. Id. at 524–525, 605 N.E.2d 70.

{¶ 10} Baker claims that his trial counsel was ineffective in failing to request a jury instruction on aggravated assault, which "affords a much lesser penalty than felonious assault and which may well have permitted Baker to avoid the conviction for attempted murder." Aggravated assault occurs when a person knowingly causes serious physical harm to another "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force." R.C. 2903.12(A).

{¶ 11} Baker asserts that theories of self-defense and aggravated assault are not mutually exclusive and that there was no excuse for counsel's failure to request an instruction on aggravated assault. We agree that the evidence presented at trial could have supported an instruction on aggravated assault. Baker claimed, however, that he had acted in self-defense. Trial counsel could have reasonably concluded that presenting the jury with conflicting theories of the case would have been counterproductive. The theory of self-defense is based upon fear, whereas aggravated assault must be based upon passion or rage. Counsel may have concluded that it would have been more difficult to convince the jury that Baker had been in fear while at the same time presenting evidence that he had acted out of passion or rage. Counsel apparently believed that self-defense was the stronger argument. Moreover, it was the argument that was most consistent with Baker's statements to the police.

{¶ 12} As discussed above, a reviewing court may not second-guess decisions of counsel that can be considered matters of trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128. Debatable strategic and tactical decisions may not form the basis of a claim of ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy was available. Cook, 65 Ohio St.3d at 524, 605 N.E.2d 70. Although Baker points out that self-defense and aggravated assault are "not mutually exclusive," counsel could have reasonably concluded that the best tactic was to request an instruction as to only one of these theories. We will not second-guess that decision or categorize it as ineffective assistance.

{¶ 13} Baker also claims that his counsel was ineffective in failing to prepare the only eyewitness called by the defense, Mia Harrison, whose testimony "effectively eviscerated any contention of self-defense."

{¶ 14} On direct examination, Harrison testified that she was outside the Landmark Apartment complex on the night of the shooting. She testified that she and some friends had spoken briefly with Baker in the parking lot and that,

as he had walked away from her, James had gotten out of his car and approached Baker, yelling about Baker having stolen James's rims. She reported that James had had a golf club in his hand, had been cursing at Baker, and had hit him at least once in the ribs with the golf club. After being hit, Baker ran to his car and then fired a gun toward James from the parking lot.

{¶ 15} On cross-examination, additional information was revealed that was unhelpful to the defense's theory of the case. For example, Harrison described the altercation as a one-on-one confrontation, rather than a group of people teamed up against Baker. She also testified that the shots were fired slowly, that James had been running away from Baker when the shots were fired, and that Baker had not been shooting toward the ground.

{¶ 16} Baker claims that his attorney was ineffective in calling Harrison because her testimony was damaging to his claim of self-defense. We agree that her testimony, on the whole, was not helpful to the defense, particularly its claim that Baker had acted in self-defense. However, insofar as Harrison's testimony was very consistent with the testimony of the state's witnesses, there is no reasonable probability that, but for the alleged error in calling Harrison to testify, the result of the trial would have been different. Therefore, Harrison's testimony does not demonstrate ineffective assistance of counsel.

{¶ 17} The first assignment of error is overruled.

II. Cumulative to trial counsel's failures per appellant's first assignment of error, he was further denied effective assistance by said counsel's failure to object to prosecutorial misconduct during closing argument as well as to prejudice by the trial court's interruption and disparagement of his closing argument.

{¶ 18} Baker contends that he was denied the effective assistance of counsel when his attorney failed to object to the prosecutor's characterization of Baker as a liar during closing argument and failed to object to his emotional characterization of the events. He also claims that he was prejudiced by the trial court's interruption of defense counsel's closing argument.

{¶ 19} The standard for prosecutorial misconduct is whether the statements were improper and, if so, whether they prejudicially affected the substantial rights of the accused. *State v. Lott* (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293; *State v. Mundy* (1994), 99 Ohio App.3d 275, 300, 650 N.E.2d 502. The prosecution is entitled to a certain degree of latitude in its closing remarks. *Lott,* 51 Ohio St.3d at 165, 555 N.E.2d 293. Generally, the state may comment freely on " 'what the evidence has shown and what reasonable inferences may be drawn therefrom.' " Id., quoting *State v. Stephens* (1970), 24 Ohio St.2d 76, 82, 53 O.O.2d 182, 263 N.E.2d 773. It is not prosecutorial misconduct to characterize a

witness as a liar or a claim as a lie if the evidence reasonably supports the characterization. *State v. Stroud,* Montgomery App. No. 18713, 2002-Ohio-940, 2002 WL 242863; *State v. Gunn* (Aug. 7, 1998), Montgomery App. No. 16617, 1998 WL 453845. However, prosecutors may not invade the realm of the jury by, for example, stating their personal beliefs regarding guilt and credibility, or alluding to matters outside the record. *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR 317, 470 N.E.2d 883.

{¶ 20} In this case, Baker's story differed in significant respects from that of all the other witnesses. He also had personally made statements to the police that were inconsistent with his testimony at trial, and his trial testimony was inconsistent with the physical evidence at the scene. Thus, the evidence supported an inference that Baker's testimony about the events of September 13, 2003, was untruthful. Moreover, the prosecutor's characterization of him as a liar was a comment on the evidence, not an unsupported personal opinion, as it was in the case upon which Baker relies. See *State v. Carpenter* (1996), 116 Ohio App.3d 615, 624, 688 N.E.2d 1090 ("The prosecutor's references to the credibility of [the witnesses] were blatant vouching with virtually no support other than the prosecutor's authoritative voice").

{¶ 21} Baker also claims that the prosecutor engaged in misconduct by characterizing his actions as "open[ing] fire in a crowded apartment complex where kids are out playing, where people are all around." Baker asserts that "[s]ince he was not charged with an offense involving children or any other victims, it was improper for the prosecutor to raise these irrelevancies." He also claims that this statement improperly appealed to the jurors' emotions. He claims that his attorney should have objected on these grounds.

{¶ 22} The evidence supported the prosecutor's statement, and the prosecutor was permitted to discuss the facts surrounding the crime, even if Baker was not charged with an offense related to each one of those facts. Indeed, one of the state's witnesses was a 12–year–old boy who was playing outside with his friends at the time of the shooting. The comment did not unfairly appeal to the jurors' emotions. Moreover, counsel could have reasonably concluded that it was better to let the prosecutor's comment pass than to focus the jury's attention on it further by lodging an objection.

{¶ 23} Finally, Baker contends that he was unfairly prejudiced by the trial court's interruption of the defense's closing argument to remind the jury that closing arguments are not evidence and that the court would provide the elements of the law. This reminder followed a sidebar that was requested by the state, the content of which is not in the record. Insofar as the court's statement was accurate and did not admonish the defense in any way, we fail to see how

Baker could have been prejudiced by it. It did not convey the message that the defense's argument "isn't important, you needn't pay attention," as Baker claims.

{¶ 24} The second assignment of error is overruled.

{¶ 25} The judgment of the trial court is affirmed.

Judgment affirmed.

GRADY and FREDERICK N. YOUNG, JJ., concur.