DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Paul R. Hashman, appeals the decision of the Lorain County Court of Common Pleas, which found him guilty of felonious assault. This Court affirms.
 I. {¶ 2} Mr. Hashman and his daughter, Sonya Hashman, lived next door to Darrell Oskins and his family for a period of twenty-five to twenty-seven years.
 {¶ 3} Prior to 1998, the Hashmans and the Oskins coexisted peacefully. However, this relationship changed in 1998 when Mr. Oskins constructed a garage on his property. During the construction, the relationship between Mr. Oskins and *Page 2 
Mr. Hashman began to deteriorate. Over the next several years, the two families had several confrontations, many of them involving violence. On January 19, 2004, the hostilities between Mr. Oskins and Mr. Hashman resulted in Mr. Hashman shooting Mr. Oskins multiple times and then hitting Mr. Oskins repeatedly with the same firearm. As a result of Mr. Hashman's actions, Mr. Oskins sustained multiple injuries which required numerous surgeries.
 {¶ 4} When the police arrived on the scene, Mr. Hashman was taken into custody. Mr. Hashman admitted to carrying a gun on January 19, 2004, when he approached Mr. Oskins, but claimed it was because he was afraid of the Oskins family.
 {¶ 5} Due to the incident on January 19, 2004, Mr. Hashman was indicted by the Lorain County Grand Jury on two counts of attempted murder, violations of R.C. 2923.02/2903.02 with firearm specifications, and one count of felonious assault, a violation of R.C. 2903.11 with a firearm specification. One count of attempted murder was dismissed prior to trial.
 {¶ 6} A jury trial commenced on July 17, 2006. The trial court held a competency hearing to determine whether Mr. Hashman's daughter Sonya was competent to testify. Sonya was forty-five years old and has been diagnosed with Down Syndrome. The trial court found that Sonya was not competent to testify, and the trial proceeded. Mr. Hashman was found guilty of felonious assault with a *Page 3 
three-year firearm specification and not guilty of attempted murder. Mr. Hashman was sentenced to a total period of seven years incarceration.
 {¶ 7} Mr. Hashman timely appealed, setting forth two assignments of error for review.
 II. ASSIGNMENT FOF ERROR I "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN RULING THAT SONYA HASHMAN, A FORTH-FIVE (45) YEAR OLD WOMAN SUFFERING FROM DOWNS [sic] SYNDROME, WAS INCOMPETENT TO TESTIFY AS A KEY DEFENSE WITNESS IN HER FATHER'S TRIAL WHEN SHE COULD [ACCURATELY] OBSERVE, RECOLLECT, AND COMMUNICATE HER PERSONAL OBSERVATIONS."
 {¶ 8} In his first assignment of error, Mr. Hashman argues that the trial court erred in finding Sonya Hashman incompetent to testify. This Court disagrees.
 {¶ 9} Decisions on witness competency are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. State v. Clark (1994), 71 Ohio St.3d 466, 469. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. *Page 4 
 {¶ 10} Evid.R. 601 relevantly provides that "[e]very person is competent to be a witness except * * * [t]hose of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Evid.R. 601(A); see also R.C.2317.01. The term "[o]f unsound mind", as defined at R.C. 1.02(C), includes all forms of mental retardation. Being of unsound mind, however, does not automatically render a witness incompetent to testify.State v. Bradley (1989), 42 Ohio St.3d 136, 140; see, also, State v.Sanders, 8th Dist. No. 86405, 2006-Ohio-809, ¶ 12. "Indeed, some unsoundness of mind does not render a witness incompetent if the witness otherwise possesses the three basic abilities required for competency: the ability to accurately observe, recollect, and communicate that which goes on around him or her." State v. Cooper (2000), 139 Ohio App.3d 149,164, citing State v. Wildman (1945), 145 Ohio St. 379.
 {¶ 11} In the present matter, the court questioned Sonya at length in its effort to determine whether she was competent to testify. Sonya was able to tell the court how old she was. However, she was unable to tell the court her address. When asked with whom she lived, Sonya replied "thirty-two (32)." The court asked if she meant that she lived with thirty-two other people and she answered "right." When asked with whom she lived prior to that, Sonya replied "[y]es, who lives on all name, all three beat him and her daughter beat me, too." Sonya was *Page 5 
unable to recall what she did on her last birthday, but upon further questioning, she was able to tell the court her birth month, date, and year.
 {¶ 12} Sonya told the court that she did not go to school, but that she works at the workshop. When asked what she does at the workshop, she replied "18 years."
 {¶ 13} When asked if she knew what can happen if you tell a lie, Sonya responded, "No. Nobody talked about this." Sonya stated that someone talked to her about what to say at the trial, but when the court asked her who, she replied, "Her name. All three beat him." The court asked Sonya if she could promise to tell the truth and she answered, "Yes, me try." When asked why she was in court, Sonya stated, "To see my father." Throughout the questioning, Sonya stated several times that she wanted to see her father.
 {¶ 14} Based upon our review of the record and the case law set forth above, the trial court did not abuse its discretion in determining that Sonya was incompetent to testify at trial. Sonya's answers did not demonstrate that she possessed the ability to accurately observe, recollect, and communicate what was occurring during the competency hearing portion of the trial. More often than not, Sonya's replies did not respond to the questions she was asked. Rather, Sonya's responses demonstrated that her primary concern was that she be allowed to see her father. Furthermore, the trial court was in the best position to observe the *Page 6 
witness and assess her credibility and propensity to competently testify. Mr. Hashman's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "PROSECUTORIAL MISCONDUCT ENTITLES APPELLANT TO A NEW TRIAL."
 {¶ 15} In his second assignment of error, Mr. Hashman contends that he is entitled to a new trial due to improper comments made by the prosecutor during the State's closing argument. Specifically, Mr. Hashman argues that the prosecutor made personal comments on the credibility of witnesses and that he expressed his personal beliefs that Mr. Hashman was lying.
 {¶ 16} "In deciding whether a prosecutor's conduct rises to the level of prosecutorial misconduct, a reviewing court must determine if the remarks were improper, and, if so, whether they actually prejudiced the substantial rights of the defendant." State v. Overholt, 9th Dist. No. 02CA0108-M, 2003-Ohio-3500, at ¶ 47, citing State v. Smith (1984),14 Ohio St.3d 13, 14. "Isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." State v.Hill (1996), 75 Ohio St.3d 195, 204, citing Donnelly v.DeChristoforo (1974), 416 U.S. 637, 647. Furthermore, Mr. Hashman must show that there is a reasonable probability that but for the prosecutor's misconduct, the result of the proceeding would have been different. State v. Loza (1994), 71 Ohio St.3d 61, 78. *Page 7 
 {¶ 17} In reviewing Mr. Hashman's claim, we note that
 "[i]t is not prosecutorial misconduct to characterize a witness as a liar or a claim as a lie if the evidence reasonably supports the characterization. However, prosecutors may not invade the realm of the jury by, for example, stating their personal beliefs regarding guilt and credibility, or alluding to matters outside the record." (Internal citations omitted.) State v. Baker, 159 Ohio App.3d 462, 2005-Ohio-45, at ¶ 19.
Generally, a prosecutor is allowed wide latitude in the closing argument to present his most convincing positions to the jury, and "[t]he jury should be given credit for sufficient common sense and sound judgment" to weigh the prosecutor's words appropriately. State v. Woodards (1966),6 Ohio St.2d 14, 26; see, also, State v. Smith, 9th Dist. Nos. 01CA0039, 01CA0055, 2002-Ohio-4402, at ¶ 96.
 {¶ 18} Mr. Hashman points to multiple instances of alleged prosecutorial misconduct during closing argument. Mr. Hashman takes issue with several of the prosecutor's statements in which the prosecutor used the word "liar." One statement that Mr. Hashman points to is "In fact, five days later after they called the police, after he has lied, the admitted liar which you are allowed to weigh about his credibility [sic]." Mr. Hashman points to several more statements within this portion of the State's closing in which the word "liar" is used. At first glance, the prosecution in the present matter appears to be calling Mr. Hashman a liar. However, when read in context, it is clear that the prosecution is pointing out to the jury that Mr. Hashman's own testimony showed that he lied to an Elyria police officer during the investigation of a firearm complaint in August of 2003 about *Page 8 
whether he possessed a firearm. While personal opinions of guilt which are based upon the evidence are not encouraged, they are not deemed to be prejudicially erroneous. State v. Stephens (1970), 24 Ohio St.2d 76,83.
 {¶ 19} Mr. Hashman also takes issue with several more of the prosecutor's statements which, when not read in context, appear to make reference to Mr. Hashman's credibility or seem to be a result of the prosecutor's personal opinion. However, when read in context, the prosecutor's statements do not rise to the level of prosecutorial misconduct.
 {¶ 20} Assuming for the sake of argument that the State's argument was improper, Mr. Hashman has failed to demonstrate prejudice from such an error. The jury was presented with evidence from several different witnesses that demonstrated Mr. Hashman's guilt. Consequently, Mr. Hashman cannot demonstrate that but for the statements regarding credibility in the State's closing argument that there is a reasonable probability that the outcome of his trial would have been different. Consequently, Mr. Hashman has failed to meet his burden of demonstrating both error and prejudice. Mr. Hashman's second assignment of error is overruled.
 III. {¶ 21} Mr. Hashman's assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 9 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 WHITMORE, P. J. MOORE, J., Concur. *Page 1