[Cite as *State v. Baker*, 2018-Ohio-1865.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-55 |
| | : | |
| v. | : | Trial Court Case No. 2003-CR-715 |
| | : | |
| KOREY   BAKER | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of May, 2018.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Greene County Prosecutor's Office, Appellate Division, 55 Greene Street, 1st Floor, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

KOREY BAKER, 524 Majestic Drive, Dayton, Ohio 45417
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Korey Baker appeals from a judgment of the Greene County Court of Common Pleas, which resentenced Baker on two counts of felonious assault following the vacation of Baker's conviction for attempted felony murder. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for the issuance of a revised judgment entry consistent with this Opinion.

## I. Procedural History

{¶ 2} In October 2003, Baker was indicted for two counts of attempted felony murder (Counts I and III) and two counts of felonious assault (deadly weapon) (Counts II and IV). Each count included a firearm specification. The charges stemmed from Baker's shooting a firearm at Richard James and Michael Hay following an argument between Baker and James; James's leg was injured in the shooting. A jury found Baker guilty of Counts I (attempted felony murder - James), II (felonious assault - James), and IV (felonious assault - Hay), as well as the accompanying firearm specifications. Baker was acquitted of Count III (attempted felony murder – Hay).

{¶ 3} At Baker's original sentencing, the trial court began by stating that Baker had been found guilty of Counts I and II, but acquitted of Counts III and IV. The prosecutor corrected the court with the following exchange:

MR. HUNT: * * * Just for clarification, where its says Counts III and IV, I

believe it's two Felonious Assaults that were convicted and one Attempted

Murder in this situation.

THE COURT: Those were allied offenses?

MR. HUNT: One would be an allied, if that's what the Court is saying.

THE COURT: Okay. I was reading from the entry here. All right. I will make that note.

{¶ 4} The trial court orally sentenced Baker to 9 years in prison for attempted murder (Count I), to 6 years in prison for felonious assault (Count II), and to 3 years in prison for each of the firearm specifications. The court indicated that Court IV would merge as an allied offense of similar import, but the court did not specify the count into which Count IV merged. The firearm-specification sentences were ordered to be served concurrently with one another, but the sentences were otherwise ordered to be served consecutively, for an aggregate sentence of 18 years.

{¶ 5} The trial court's judgment entry, filed on February 25, 2004, reflected the orally-imposed prison sentences for Counts I and II and the firearm specifications. The judgment entry further stated, "The Defendant was found not guilty by Jury Verdict of Counts III and IV," but handwritten beside that reads "ALLIED OFFENSES."

{¶ 6} Baker appealed from his convictions, raising alleged errors at trial. He did not challenge any aspect of his sentence. We affirmed his convictions. *State v. Baker*, 159 Ohio App.3d 462, 2005-Ohio-45, 824 N.E.2d 162 (2d Dist.). Baker filed several post-conviction motions, most of which are not relevant to this appeal.

{¶ 7} On March 21, 2017, Baker filed a "motion to correct a facially void sentence." Citing *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, Baker argued that attempted felony murder was not a cognizable crime in Ohio and that his conviction for that alleged offense should be vacated as void. In its response, the State acknowledged that attempted felony murder was a "logical impossibility" and not cognizable under *Nolan*, and that Baker's argument "potentially has merit." The State

asked the trial court to appoint counsel for Baker and schedule a conference. The State further stated:

> It should also be noted that in addition to defendant's conviction for Attempted Felony Murder, the defendant was also convicted of two counts of Felonious Assault. The defendant was not sentenced on the second Felonious Assault conviction because it merged with the Attempted Murder conviction. Therefore, should the defendant's Attempted Murder conviction and sentence be vacated, the State would elect to proceed at resentencing on two counts of Felonious Assault, both with three year firearm specifications.

{¶ 8} On September 14, 2017, the trial court held a resentencing hearing on the ground that Baker's conviction on Count I was void. At the hearing, Baker objected to the trial court's sentencing him on Count IV, stating that the judgment entry reflected that he had been found not guilty of that count. The trial court responded: "Obviously there is a scrivener's error in this entry -- * * * And the entry is in error by use of the word not as opposed to the word guilty, and also an error on Count 2 in the sentencing entry when that should have been Count 4. * * * But I hear your argument and it is part of the record."

{¶ 9} Baker further objected to the trial court's sentencing him on Count IV, arguing that his conviction was affirmed on direct appeal and that the State did not raise any arguments that there was an error in the journal entry. Citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, Baker asserted that the trial court no longer had the authority to modify his entire sentence and that its authority was limited to correcting the void portion of his sentence (i.e., Count I, the attempted felony murder).

Baker argued that Count IV was not merged into Count I, and therefore the court could not impose sentence on Count IV upon vacating Count I. The trial court disagreed, stating resentencing was permitted with the vacation of his conviction for Count I.

{¶ 10} The Court further explained why it would, at that hearing, impose sentence on Counts II and IV:

> * * * [T]here were two victims in this case. * * * Victim one was Counts 1 and 2. Victim two was Counts 3 and 4.
>
> For victim two, he [Baker] was only found guilty on one count, therefore, there's no merger, so with the conviction with victim number one with two counts, Counts 1 and 2 – when I say allied offenses, it can only apply to those particular counts, so my imposition of the sentence on what it says here is Count 2 is a scrivener's error, and it should have said Count 4, because the Court recognized the fact that Count 1 and 2, the convictions of Count 1 and 2 were allied offenses, and I was not imposing a sentence on Count 2.
>
> So I find that to be a scrivener's error as to Count 2 and Count 4, and I additionally find that with the word not guilty where it says, was found not guilty on Jury verdicts Counts 3 and 4. It should have just been not guilty on Count 3.

{¶ 11} After further argument by Baker, the trial court imposed five years in prison for felonious assault on Count II and six years in prison for felonious assault in Count IV. The court merged the firearm specifications and imposed three years for the specification. Baker's aggregate sentence was 14 years in prison. We note that Baker's revised

sentence resulted in his immediate release from prison, which was the stated intent of the trial court at the resentencing hearing.

{¶ 12} Baker appeals from the trial court's September 14, 2017 judgment entry.

## II. Resentencing on Count IV

{¶ 13} Baker raises two assignments of error related to his resentencing on Count IV, the felonious assault of Hay:

1.  Trial Court abused its Discretion and Errored [sic] when it sentenced Mr. Baker on count IV, Felonious Assault, resulting in Double Jeopardy.

2.  Trial Court abused its discretion when it went outside of the void part of the sentence at resentencing to correct errors made by the court 14 years prior.

{¶ 14} At the outset, the parties do not dispute on appeal that Baker's conviction for attempted felony murder was void, because that alleged offense is not cognizable in Ohio. This appeal relates solely to the scope of the trial court's authority to resentence Baker upon vacating the conviction for attempted felony murder.

{¶ 15} First, Baker argues that the trial court's sentence on Count IV violates double jeopardy, because the trial court's 2004 judgment entry indicated that he had been found not guilty of Count IV. "The Double Jeopardy Clause protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.' " *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201,

104 L.Ed.2d 865 (1989). Baker's assignment of error implicates the double jeopardy protection against successive prosecutions for the same offense after acquittal.

{¶ 16} Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "Clerical errors subject to correction by the court include a mistake or omission that is mechanical in nature and apparent on the record that does not involve a legal decision or judgment. Corrections are proper to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." (Citations omitted.) *State v. Burton*, 12th Dist. Clermont No. CA2013-09-071, 2014-Ohio-1692, ¶ 14; *see State v. Hill*, 2d Dist. Montgomery No. 26581, 2015-Ohio-5166.

{¶ 17} In this case, the jury found Baker guilty of Count IV, the felonious assault of Hay. The trial court's statement to the contrary in the 2004 judgment entry was not a "legal decision or judgment" by the trial court overruling the jury's verdict. In other words, neither the jury nor the trial court acquitted Baker of Count IV. In fact, when the trial court initially stated at the resentencing hearing that Baker had been acquitted of Count IV, the prosecutor corrected the trial court, and the trial court later indicated that it would not impose a sentence on Count IV because Count IV was an allied offense of similar import; the court's failure to sentence on Count IV was not based on its prior mistaken statement that Baker had been acquitted of Count IV. Accordingly, it is apparent that the trial court's statement in the 2004 judgment entry that Baker was found not guilty of Count IV was a typographical error, which was subject to correction at any time, pursuant to Crim.R. 36, by means of a nunc pro tunc entry. Because Baker was not acquitted of Count IV, the

trial court's 2017 sentence on Count IV did not violate double jeopardy.

{¶ 18} The second issue raised by Baker — whether the trial court had the authority to sentence Baker on Count IV (and to resentence Baker on Count II) – presents, on this record, a more complicated issue. At the 2017 resentencing hearing, the trial court asserted that, in 2004, it had, in fact, merged Count II into Count I and sentenced Baker on Counts I and IV; the court stated that its 2004 imposition of sentence on Count II was a "scrivener's error." The court further asserted that, because Count I was void, it was obligated to sentence Baker on Count II, which had previously been merged into Count I.

{¶ 19} The trial court's statements at the resentencing hearing reflect what should have happened in 2004, assuming that attempted felony murder was a cognizable offense. Because Counts I and II involved the same victim, Count II (felonious assault – James) should have merged into Count I (attempted felony murder - James), and the trial court should have sentenced Baker on Count I (attempted felony murder – James) and Count IV (felonious assault – Hay). But that is not what occurred in 2004.

{¶ 20} At the original sentencing hearing, the trial court expressly imposed sentence on Counts I and II. When asked by the prosecutor if the trial court considered Count IV "to be an allied offense which would merge for purposes of sentencing," the trial court responded that it found that count "to be an allied offense for which no judgment of conviction will be entered." The 2004 judgment entry imposed sentences on Counts I and II only. And while the trial court unclearly wrote "allied offenses" next to the language indicating that Baker was found not guilty of Counts III and IV, it is clear that no sentence was imposed in 2004 on Count IV because the court considered that count to be merged

into another count.

{¶ 21} The trial court may have erred in 2004 when it failed to merge Counts I and II and, instead, merged Count IV with one of those counts, but neither party challenged the sentence on appeal, and we affirmed the trial court's judgment. And, a trial court generally lacks jurisdiction to modify its own valid final judgment in a criminal case. *See, e.g., State v. Plemons*, 2d Dist. Montgomery Nos. 26434, 26435, 26436 & 26437, 2015-Ohio-2879, ¶ 21; *State v. Palmer*, 2d Dist. Montgomery No. 20101, 2004-Ohio-3571, ¶ 7 (recognizing that "Ohio trial courts do not possess the inherent authority to modify a criminal sentence once that sentence has been executed absent specific statutory authority to do so").

{¶ 22} Where offenses are merged for sentencing and the conviction for the offense upon which the defendant was sentenced is vacated, the trial court must resentence the defendant on the offense that was merged with the vacated offense, again merging any offenses as appropriate. Of particular relevance, in *State v. Harwell*, 2d Dist. Montgomery No. 25852, 2015-Ohio-2966, we vacated the defendant's two convictions for attempted felony murder on the authority of *Nolan* and remanded "for purposes of resentencing the counts and firearm specifications that merged with attempted felony murder." *Id.* at ¶ 90.

{¶ 23} In this case, Count II was not merged with Count I, the vacated attempted felony murder conviction. Consequently, the trial court's 2004 prison sentence on Count II remained final and was not subject to review and correction at the 2017 resentencing hearing. However, in this appeal, neither Baker nor the State has assigned as error the trial court's imposition of a five-year sentence (reduced from the six-year sentence

imposed in 2004) on Count II at the resentencing hearing. To the contrary, the State argues that the trial court properly resentenced Baker on Count II. Considering the unique facts of this case, we will not remand the matter for reinstatement of the original six-year sentence.

{¶ 24} In its written response to Baker's "motion to correct a facially void sentence," the State asserted to the trial court that the "second Felonious Assault conviction" (presumably Count IV) merged with the attempted felony murder (Count I) for sentencing, and thus the trial court could properly sentence Baker on Count IV at the resentencing hearing. As stated above, the trial court stated in 2004 that Count IV was merged as an allied offense, but the court did not expressly state the count into which Count IV merged.

{¶ 25} In a prior appeal relating to a motion by Baker for a new trial, we commented that "[i]t appears that one of the Felonious Assault convictions was merged into the other, as an allied offense of similar import." *State v. Baker*, 2d Dist. Greene No. 09-CA-53, 2010-Ohio-2915, ¶ 3. Stated differently, we construed the trial court's actions at the 2004 sentencing as merging Count IV into Count II. While the record is not clear and the matter was not at issue in the 2010 appeal, we see no reason to diverge from our prior interpretation of the record.

{¶ 26} Having concluded that Count IV was previously merged into Count II for sentencing, the trial court erred in sentencing Baker on Count IV upon vacating the conviction in Count I. Because Count IV had previously been merged into Count II and the trial court had imposed sentence on Count II at the original 2004 sentencing, there were no counts upon which the trial court needed to impose sentence at the 2017 resentencing hearing.

**{¶ 27}** Baker's first assignment of error, based on double jeopardy, is overruled. His second assignment of error, stating that the trial court exceeded its authority by imposing sentence on Count IV, is sustained based on the very unique facts of this case.

**{¶ 28}** We note Baker is presently on post-release control, and our holding has no impact on the Parole Board's jurisdiction over him. The trial court arguably failed to properly impose post-release control in 2004, but the trial court properly notified Baker of his post-release control obligation on Count II at the resentencing hearing, curing any defect. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Although Baker's sentence and accompanying post-release control obligation on Count IV must be vacated, Baker remains subject to three years of post-release control for Count II.

### III. Conclusion

**{¶ 29}** The trial court's judgment will be reversed as to Count IV, and the matter will be remanded for the issuance of an amended judgment entry consistent with this Opinion.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Nathaniel R. Luken
Korey Baker
Hon. Stephen Wolaver