[Cite as *State v. Turner*, 2021-Ohio-2216.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-49 |
| | : | |
| v. | : | Trial Court Case Nos. 2016-CR-578 |
| | : | |
| TEVIUS S. TURNER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of June, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
   Attorney for Plaintiff-Appellee

ADDISON M. SPRIGGS, Atty. Reg. No. 0097713, Assistant Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
   Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Tevius S. Turner, appeals from the judgment of the Clark County Court of Common Pleas resentencing him following this court's reversal of his conviction for purposeful murder in *State v. Turner*, 2d Dist. Clark No. 2017-CA-78, 2019-Ohio-144.  For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On August 11, 2017, a jury found Turner guilty of purposeful murder with a firearm specification, felony murder with a firearm specification, felonious assault, tampering with evidence, and improperly handling a firearm in a motor vehicle.  At sentencing, the trial court merged the purposeful murder, felony murder, and felonious assault counts as allied offenses of similar import.   The State then elected to have Turner sentenced for purposeful murder.   Following the State's election, the trial court imposed a prison term of 15 years to life for that offense plus a consecutive, three-year prison term for the attendant firearm specification.   The trial court also sentenced Turner to 30 months in prison for tampering with evidence and 18 months in prison for improperly handling a firearm in a motor vehicle.   The 30- and 18-month terms were ordered to run concurrently with each other and concurrently with the 15-year-to-life term for purposeful murder.   Turner therefore received an aggregate sentence of 18 years to life in prison.

{¶ 3} Turner appealed from his conviction and argued, among other things, that the trial court had erred by refusing to instruct the jury on the lesser included offense of reckless homicide.   Upon review, we found that a reasonable jury could have concluded that Turner acted recklessly rather than purposefully when he shot and killed the victim.

Accordingly, we agreed that the trial court had erred by failing to instruct the jury on the lesser included offense of reckless homicide and reversed Turner's purposeful murder conviction. All of Turner's other convictions were affirmed and the matter was remanded to the trial court "for further proceedings consistent with this [court's] opinion." *Turner* at ¶ 47.

{¶ 4} Following our decision in *Turner*, no action was taken on Turner's case for over a year. On March 12, 2020, Turner filed a motion to dismiss the murder charges on grounds that the post-remand delay in retrying him violated his right to a speedy trial under the Sixth Amendment to the United States Constitution. On July 28, 2020, the State filed an opposing memorandum arguing that a retrial was unnecessary and that Turner was not prejudiced by the post-remand delay. The State also requested the trial court to move forward with resentencing Turner for felony murder.

{¶ 5} On August 14, 2020, the trial court issued an entry that denied Turner's motion to dismiss and assigned Turner's case for resentencing. Turner filed a reply on August 17, 2020, in which he argued that a retrial was the only appropriate remedy given that reckless homicide is also a lesser included offense of felony murder. In addition, Turner reiterated that the murder charges should be dismissed because the delay in retrying him violated his constitutional right to a speedy trial. The trial court, however, moved forward with resentencing Turner on August 31, 2020.

{¶ 6} At the resentencing hearing, the trial court merged the felony murder and felonious assault counts and the State elected to have Turner sentenced for felony murder. The trial court then sentenced Turner to 15 years to life in prison for felony murder plus a three-year prison term for the attendant firearm specification. The trial

court advised that the concurrent 30- and 18-month prison terms imposed for tampering with evidence and improperly handling a firearm in a motor vehicle remained in effect since they were not overturned by this court. The trial court ordered the 15-year-to-life term to run concurrently with the other prison terms and consecutively with the three-year term for the firearm specification. Therefore, Turner once again received an aggregate sentence of 18 years to life in prison.

{¶ 7} Turner now appeals from the trial court's judgment that resentenced him, raising a single assignment of error for review.

**Assignment of Error**

{¶ 8} Under his sole assignment of error, Turner claims that the trial court erred by resentencing him for the merged felony murder and felonious assault counts as opposed to ordering a retrial. In support of this claim, Turner argues that our opinion in *Turner* mandated a retrial rather than a resentencing. Turner claims that a retrial was necessary because he was never convicted of felony murder and felonious assault. Turner also claims that a retrial was necessary because it was the only way to remedy the trial court's failure to provide a reckless homicide jury instruction given that reckless homicide is also a lesser included offense of felony murder. Turner further contends that the post-remand delay violated his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution. Upon review, we find that all of Turner's claims lack merit.

{¶ 9} With regard to Turner's claim that our opinion in *Turner* mandated a retrial, we note that there was nothing in *Turner* indicating a new trial was required. In support of his claim otherwise, Turner points to footnote seven of *Turner,* in which we stated that:

"The Double Jeopardy Clause would not preclude the State from retrying Turner for purposeful murder and/or the merged offenses of felony murder and felonious assault, because the evidence admitted at trial was sufficient to support his conviction." *Turner*, 2d Dist. Clark No. 2017-CA-78, 2019-Ohio-144, at fn. 7. The foregoing comment, however, did not mandate a retrial. Rather, the comment indicated that the State had the *option* to retry Turner for those offenses since they had been supported by sufficient evidence and were not barred by double jeopardy. Simply put, a retrial on purposeful murder, felony murder, and felonious assault was never mandated by this court, and Turner's claim otherwise lacks merit.

{¶ 10} We next address Turner's claim that a retrial was necessary because he was never convicted of felony murder and felonious assault. As we noted in *Turner*, " '[a] conviction does not exist where there has been a guilty verdict * * * but no sentence.' " *Id.* at ¶ 22, quoting *State v. Croom*, 7th Dist. Mahoning No. 12 MA 54, 2013-Ohio-5682, ¶ 59, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12. Indeed, "a conviction must be the combined occurrence of a verdict and a sentence[.]" (Citations omitted) *State v. Rose*, 2d Dist. Montgomery No. 14502, 1995 WL 386866, *4 (June 30, 1995). Because Turner's purposeful murder, felony murder, and felonious assault counts merged for purposes of sentencing, and because the State elected to have Turner sentenced for purposeful murder, it follows that Turner was only convicted for purposeful murder, not for felony murder and felonious assault.

{¶ 11} Despite the lack of a conviction for felony murder and felonious assault, the fact remains that the jury returned guilty verdicts for both of those offenses. The Supreme Court of Ohio has explained that "the determination of the defendant's guilt for

committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing." (Footnote omitted.) *Whitfield* at ¶ 27. We have also explained that: "Where offenses are merged for sentencing and the conviction for the offense upon which the defendant was sentenced is vacated, the trial court must resentence the defendant on the offense that was merged with the vacated offense, again merging any offenses as appropriate." *State v. Baker*, 2d Dist. Greene No. 2017-CA-55, 2018-Ohio-1865, ¶ 22. We therefore find that Turner's guilty verdicts for felony murder and felonious assault remained intact after they merged with purposeful murder and were available for resentencing once the purposeful murder conviction was reversed. Because Turner has not challenged the validity of his guilty verdicts for felony murder and felonious assault, we fail to see any error in the trial court's resentencing him for those offenses.

{¶ 12} Turner also claims that a retrial was necessary because it was the only way to remedy the trial court's failure to provide a reckless homicide jury instruction given that reckless homicide is also a lesser included offense of felony murder. The Supreme Court of Ohio, however, has explicitly held that "reckless homicide is not a lesser included offense of felony murder." *State v. Owens*, 162 Ohio St.3d 596, 2020-Ohio-4616, 166 N.E.3d 1142, ¶ 1.

{¶ 13} Turner nevertheless claims that the Supreme Court's holding in *Owens* does not apply to this case because *Owens* was issued after he was resentenced. It is, however, well established that the " 'application of a new rule of law to a pending appeal is not retrospective,' and * * * the new rule applie[s] to the cases pending on the announcement date." *State v. Evans*, 32 Ohio St.2d 185, 186, 291 N.E.2d 466 (1972),

quoting *State v. Lynn*, 5 Ohio St.2d 106, 108, 214 N.E.2d 226 (1966). In other words, the new judicial ruling may be applied to a conviction that has not become final, i.e., where the accused has not exhausted all of his appellate remedies. *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6; *State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 118, ¶ 15 (2d Dist.). In this case, Turner's resentencing appeal was pending when the Supreme Court of Ohio released *Owens* on September 30, 2020. Because Turner's appeal was still pending, the holding in *Owens* applies herein, and Turner's claim otherwise lacks merit.

{¶ 14} We now turn to Turner's Sixth Amendment speedy-trial claim, which is more accurately described as a speedy-resentencing claim, because a retrial was not required and because Turner is challenging the delay between this court's remand in *Turner* and his resentencing. We have recognized that "most courts have presumed the existence of an analogous constitutional right to a speedy resentencing." *State v. Simons*, 2d Dist. Champaign No. 2003-CA-29, 2004-Ohio-6061, ¶ 41. *Accord State v. Jones*, 2d Dist. Clark No. 2018-CA-17, 2019-Ohio-238, ¶ 25 and *State v. Buckney*, 2d Dist. Clark No. 2019-CA-75, 2020-Ohio-4927, ¶ 8. We have also recognized that most courts apply the speedy-trial balancing test in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) to claims involving resentencing delays. *Id.* The factors to be balanced are: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) whether the delay prejudiced the defendant." *Id.*

{¶ 15} Whether a delay prejudices the defendant "depends on the facts of the case." (Citation omitted.) *State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2016-Ohio-5706, ¶ 23. Regardless of the length of a resentencing delay, appellate courts have

generally held that no prejudice exists when a " 'defendant has been incarcerated during the length of the delay, and would not have been eligible for release during that time[.]' " *Buckney* at ¶ 9, quoting *State v. Creech*, 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, ¶ 17. *Accord Jones* at ¶ 26. For example, in *Buckney*, we found a 13-year resentencing delay "was a 'serious administrative lapse' and inexcusable," but not prejudicial since the defendant "remained lawfully incarcerated during the delay due to the length of his sentence." *Id.* at ¶ 10. *See also Jones* at ¶ 27 (finding that a four-year delay between the court's remand and the defendant's resentencing was not prejudicial since the defendant could not have been released during the delay).

{¶ 16} In this case, Turner was subject to a 19-month resentencing delay, as his case was remanded to the trial court on January 18, 2019, and Turner was not resentenced until August 31, 2020. The State concedes that Turner completed his concurrent sentences for tampering with evidence and improperly handling a firearm in a motor vehicle on May 24, 2019—meaning that Turner was not resentenced until 15 months after those sentences were completed. Therefore, this case is unique in that Turner completed the sentence imposed by the trial court prior to his resentencing, but still had to serve time for the merged felony murder and felonious assault counts on which he needed to be resentenced.

{¶ 17} Given that the State had previously elected to have Turner sentenced for purposeful murder, there was little doubt that the State was going to elect to have Turner resentenced for felony murder as opposed to the lesser-degree offense of felonious assault. The State indicated as much in its memorandum opposing Turner's motion to dismiss, as the State specifically requested that the trial court resentence Turner for

felony murder. Like purposeful murder, felony murder carries an indefinite term of 15 years to life in prison. R.C. 2929.02(B)(1). Both the purposeful murder and felony murder counts in this case included a consecutive, three-year firearm specification. Therefore, by electing felony murder, the State could ensure that Turner would receive the same 18-year-to-life prison term that he had originally received for purposeful murder.

{¶ 18} Under these specific circumstances, the delay in resentencing Turner was not prejudicial because the State was going to elect to have Turner sentenced for felony murder and, upon doing so, the trial court had no choice but to sentence Turner to 18 years to life in prison. Therefore, because Turner was going to be required to serve that amount of time for felony murder (and the firearm specification), Turner was not prejudiced by the 15-month delay between the completion of his other sentences and his resentencing.

{¶ 19} For the foregoing reasons, Turner's sole assignment of error is overruled.

## Conclusion

{¶ 20} Having overruled Turner's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

Ian A. Richardson
Addison M. Spriggs
Hon. Richard J. O'Neill