[Cite as *State v. Davis*, 2024-Ohio-132.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

      v.

BRANDY N. DAVIS,

      DEFENDANT-APPELLANT.

CASE NO. 9-23-19

**O P I N I O N**

Appeal from Marion County Common Pleas Court
Trial Court No. 22-CR-386

Judgment Affirmed in Part, Reversed in Part

Date of Decision:  January 16, 2024

APPEARANCES:

    *W. Joseph Edwards* **for Appellant**

    *Allison M. Kesler* **for Appellee**

**WILLAMOWSKI, P.J.**

{**¶1**} Defendant-appellant Brandy Davis ("Davis") brings this case from the judgment of the Court of Common Pleas of Marion County finding her guilty of trafficking in drugs and possession of drugs, both first degree felonies. Davis claims on appeal that the evidence was not sufficient to support the convictions. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{**¶2**} On January 31, 2022, the MARMET drug task force executed a search warrant on a home located at 405 Mound Street in Marion, Ohio. In a spare bedroom of the home, the officers found three bags of what was suspected to be a fentanyl related compound. Davis was not present at the home, which belonged to her brother, at the time. Detective Collin Lowe ("Lowe") later spoke with Davis and she admitted that the bags belonged to her, not her brother.

{**¶3**} On July 6, 2022, the Marion County Grand Jury indicted Davis on one count of Trafficking in a Fentanyl-Related Compound in violation of R.C. 2925.03(A)(2), (C)(9)(g), a felony of the first degree and one count of Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A), (C)(11)(f), a felony of the first degree. A jury trial was held on February 28 and March 1, 2023. The jury returned verdicts of guilty on both counts finding that the amount of the drug involved was between 20 and 50 grams. The trial court then entered judgment finding Davis guilty.

**{¶4}** The trial court held a sentencing hearing on March 20, 2023. The trial court determined that the offenses were allied offenses of similar import and merged. The State elected to proceed on the trafficking charge. The trial court then sentenced Davis to a prison term of 10 to 15 years in prison. Davis appeals from this judgment and on appeal raises the following assignment of error.

> **The court erred in deciding that the evidence was sufficient enough to determine that beyond a reasonable doubt [Davis] was trafficking in a fentanyl-related compound and in possession of a fentanyl-related compound.**

**{¶5}** Davis claims in the sole assignment of error that the findings of guilt were not supported by sufficient evidence.

> A sufficiency analysis " 'determine[s] whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' " *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting Black's Law Dictionary 1433 (6th Ed.1990). If the state fails to present sufficient evidence on every element of an offense, then convicting a defendant for that offense violates the defendant's right to due process of law. *Id*. at 386-387, 678 N.E.2d 541; see also *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

*State v. Messenger,* 171 Ohio St.3d 227, 2022-Ohio-4562, ¶ 13, 216 N.E.3d 653. The question of whether the evidence presented at trial is legally sufficient to support a verdict is a question of law and questions the adequacy of the evidence. *State v. Hulbert*, 3d Dist. Van Wert No. 15-19-07, 2021-Ohio-2298, ¶ 5. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine

whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) superseded by constitutional amendment on other grounds. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton No. C-120570, 2013Ohio-4775, ¶ 33.

{¶6} Here, the jury determined that Davis was guilty of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2) with an amount between 20 and 50 grams. This statute provides the following.

(A) No person shall knowingly do any of the following:

* * *

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

R.C. 2925.03. In support of the charge, the State played a taped interview between Lowe and Davis. In the interview, Davis admitted that she had taken the drugs to her brother's home and given them to him for safekeeping. She knew that the drugs were contained in three separate bags and estimated the total amount of drugs to be

about 30 grams. She even identified a picture of the bags containing the fentanyl substance as the ones she had given to her brother for safekeeping and admitted that they belonged to her. Lowe testified to what the expected value of the drugs were based upon his determination that the amount of drugs were 60 grams. Anthony Tambasco testified that he tested the substance in the bags and determined that they all contained fentanyl with a total weight of approximately 57 grams.

{¶7} Although the State presented evidence that Davis had transported the drugs to the home, the State failed to present evidence that it was for the purpose of sale or resale. No evidence was presented that drug paraphernalia such as scales or packaging materials was found or even that trafficking was occurring at the location where the drugs were found. No large amounts of cash were found either. Lowe testified that he became aware of Davis "through a drug investigation" involving her brother's home. Tr. 242. No evidence was presented that any trafficking was occurring or that the drugs were for anything besides personal use.

{¶8} Although the jury found that Davis had between 20 and 50 grams of a fentanyl compound, contrary to the testimony of Lowe and Tambasco, existing case law demonstrates that the amount of the drugs alone is not sufficient to show that the drugs were "intended for sale or resale". In *State v. Carpenter*, this court held that the evidence was sufficient to support a drug trafficking conviction when the drugs were found in close proximity to digital scales and packaging items. *State v. Carpenter*, 3d Dist. Seneca No. 13-18-16, 2019-Ohio-58. This Court, in *Carpenter,*

focused on the fact that numerous courts had determined that items such as plastic baggies, digital scales, and large sums of money combined with the illegal drugs provides a reasonable inference that a defendant is engaged in drug trafficking. *Id.* at ¶ 33. *See State v. Lawson*, 2d Dist. Greene No. 2020-CA-16, 2020-Ohio-6852, 164 N.E.3d 1130 (holding that evidence was sufficient to support conviction for trafficking in fentanyl when almost 75 grams of fentanyl was found near digital scale and an officer testified that is an indication of trafficking); *State v. Mickey*, 12th Dist. Clermont No. CA2019-07-055, 2020-Ohio-1432 (holding that conviction for trafficking was sufficient when 31 grams of fentanyl was found in apartment complex known for high drug activity and was found with large pile of lottery cards commonly used for packaging the drugs, a digital scale, and a large sum of cash); and *State v. Shields*, 4th Dist. Washington No. 22CA11, 2023-Ohio-2331 (holding that evidence sufficient to support trafficking conviction when an officer found over 270 grams of fentanyl and a witness testified that the defendant had sold her fentanyl).

{¶9} During closing arguments, the State argued that since Davis admitted to taking the drugs to her brother's home and that it was not for his use, the jury should infer it was for the purpose of sale. However, this inference is not supported by any additional evidence, as there were no other indications of trafficking such as scales, packaging materials, cash or even a history of drug sales occurring in the home presented to the jury. Davis's own statements on the tape were that the drugs

-6-

were hers and no evidence was presented by the State to contradict it or to show that it was for the purpose of sale. The jury clearly believed at least part of what was on the tape as it determined that the amount of the drugs was between 20 and 50 grams rather than over 50 grams as was claimed by the State's witnesses. Since the evidence is insufficient to support the conviction for trafficking, the assignment of error is sustained as to that count.

{¶10} Although the counts merged as allied offenses of similar import at sentencing, the jury also found Davis guilty of possession of a fentanyl-related compound in violation of R.C. 2925.11(A) in an amount between 20 and 50 grams, which provides as follows.

> (A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

As discussed above, the evidence viewed in a light most favorable to the State shows that Davis possessed the drugs. The tape of her conversation with Lowe has her admitting that the drugs belonged to her. Various courts have held that "a defendant may be resentenced on guilty verdicts merged for sentencing when the charge which the state elected to proceed at sentencing is reversed on appeal." *State v. Horn*, 6th Dist. Wood No. WD-21-062, 2023-Ohio-138, ¶ 15. *See also State v. Turner*, 2d Dist. Clark No. 2020-CA-49, 2021-Ohio-2216 and *State v. Johnson*, 8th Dist. Cuyahoga No. 106450, 2018-Ohio-3670, 119 N.E.3d 914.

**{¶11}** Accordingly, the dismissal of the guilty verdict for possession of a fentanyl-related compound is vacated by operation of law, is revived, and remains intact. Davis may be sentenced for this conviction. *Turner, supra* at ¶ 11. The matter is remanded for the purpose of sentencing on this verdict.

**{¶12}** Having found error in part of the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is affirmed in part and reversed in part. The matter is remanded to the trial court for resentencing.

*Judgment Affirmed in Part*
*Reversed in Part*
*And Cause Remanded*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**