NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-960

THE STATE OF OHIO, APPELLEE, *v.* HORN, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Horn*, Slip Opinion No. 2020-Ohio-960.]

*Criminal law—R.C. 2907.02(A)(1)(c)—A familial relationship is not a mental or physical condition—Judgment reversed in part and cause remanded.*

(No. 2018-0743—Submitted May 8, 2019—Decided March 18, 2020.)

APPEAL from the Court of Appeals for Wood County,

No. WD-16-053, 2018-Ohio-779.

_____

**DONNELLY, J.**

{¶ 1} In this discretionary appeal, appellant, Michael C. Horn, argues that "[a] familial relationship is not a 'mental or physical condition' for purposes of R.C. 2907.02(A)(1)(c)." We agree, reverse the judgment of the court of appeals in part, and remand the cause to the court of appeals.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Horn was charged with four counts of rape of S.M., his step-daughter, and two counts of rape of J.M, his niece by marriage, all of which carried sexually-violent-predator specifications.

- Count 1, rape of S.M. on or about August 1 to September 30, 2013, was based on the state's belief that S.M.'s ability to resist or consent was substantially impaired because of a mental or physical condition and that Horn knew or had reason to know that S.M. was unable to resist or consent because of that impairment. *See* R.C. 2907.02(A)(1)(c) and (B).

- Count 2, rape of S.M. on or about August 1 to September 30, 2013, was based on the state's belief that S.M. was compelled to submit by force or threat of force. *See* R.C. 2907.02(A)(2) and (B).

- Count 3, rape of S.M. on or about November 15 to December 14, 2013, was based on the state's belief that S.M.'s ability to resist or consent was substantially impaired because of a mental or physical condition and that Horn knew or had reason to know that S.M. was unable to resist or consent because of that impairment. *See* R.C. 2907.02(A)(1)(c) and (B).

- Count 4, rape of S.M. on or about November 15 to December 14, 2013, was based on the state's belief that S.M. was compelled to submit by force or threat of force. *See* R.C. 2907.02(A)(2) and (B).

- Count 5, rape of J.M. on or about November 28 to December 24, 2013, was based on the state's belief that J.M.'s ability to resist or consent was substantially impaired because of a mental or physical condition and that Horn knew or had reason to know that J.M. was unable to resist or consent because of that impairment. *See* R.C. 2907.02(A)(1)(c) and (B).

- Count 6, rape of J.M. on or about November 28 to December 24, 2013, was based on the state's belief that J.M. was compelled to submit by force or threat of force. *See* R.C. 2907.02(A)(2) and (B).

**{¶ 3}** Horn was found guilty of all counts and all six sexually-violent-predator specifications. For purposes of sentencing, Counts 2, 4, and 6 (compelling sexual conduct by threatened or actual force, R.C. 2907.02(A)(2) and (B)) were merged with Counts 1, 3, and 5 (engaging in sexual conduct when the other person is substantially impaired by a mental or physical condition, R.C. 2907.02(A)(1)(c) and (B)). Horn received separate sentences of ten years to life on Counts 1, 3, and 5, to be served consecutively.

**{¶ 4}** In the court of appeals, Horn argued, among other things, that his convictions for violating R.C. 2907.02(A)(1)(c), the statute undergirding each of his sentences, were not supported by sufficient evidence. In particular, Horn argued that the state had not established that his victims' "ability to resist or consent [was] substantially impaired because of a mental or physical condition," R.C. 2907.02(A)(1)(c); 2018-Ohio-779, 108 N.E.3d 158, ¶ 52. The court of appeals rejected this argument, along with Horn's other assignments of error, and affirmed the judgment of the trial court. Count 1 was affirmed on the basis of sleep as a substantial impairment, 2018-Ohio-779 at ¶ 56-58, Count 3 on the basis of Horn's familial relationship with S.M., *id.* at ¶ 59-60, and Count 5 on the basis of both J.M.'s low functioning and familial relationship with Horn, *id.* at ¶ 35, 61-62.

**{¶ 5}** We accepted Horn's discretionary appeal.

## II. ANALYSIS

**{¶ 6}** The sole proposition of law before us posits:

A familial relationship is not a "mental or physical condition" for purposes of R.C. 2907.02(A)(1)(c) even if the relationship may be relevant to proving a charge under R.C. 2907.02(A)(2), which is a distinct statutory provision.

**{¶ 7}** Accordingly, Horn's convictions in Counts 3 and 5 are the only convictions under review. Horn cannot be found guilty of rape pursuant to R.C. 2907.02(A)(1)(c) and (B) unless the state proves beyond a reasonable doubt that he

> engage[d] in sexual conduct with another * * * when * * *
>> * * *
>> (c) [t]he other person's ability to resist or consent [wa]s substantially impaired because of a mental or physical condition * * * and the offender kn[ew] or ha[d] reasonable cause to believe that the other person's ability to resist or consent [wa]s substantially impaired because of a mental or physical condition * * *.

R.C. 2907.02(A)(1). *See generally State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus (the relevant inquiry for an appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt").

**{¶ 8}** This court has not extensively discussed R.C. 2907.02(A)(1)(c). Today we are asked, essentially, whether a familial relationship is a "mental or physical condition" for purposes of a conviction under R.C. 2907.02(A)(1)(c). We conclude that it is not. Although a familial relationship may be considered to prove rape by force, that is not the theory under which the state proceeded in this case. Indeed, we have stated that in a situation involving a parent-child relationship and a rape allegation, "[f]orce need not be overt and physically brutal, but can be subtle and psychological." *State v. Eskridge*, 38 Ohio St.3d 56, 58, 526 N.E.2d 304 (1988)*; accord State v. Schaim*, 65 Ohio St.3d 51, 54-55, 600 N.E.2d 661 (1992). But here, the issue is whether a familial relationship is a "mental or physical condition."

**{¶ 9}** The General Assembly has not defined "familial relationship." A search of the Revised Code and this court's opinions yields several mentions of the term "familial relationship," but none are instructive for defining "familial relationship" in relation to the phrase "mental or physical condition" or in the context of R.C. 2907.02(A)(1)(c). The best definition that can be gleaned from the various uses of the phrase is that "familial relationship" indicates that two or more people are part of the same family. *See Toledo Bar Assn. v. Bishop*, ___ Ohio St.3d ___, 2019-Ohio-5288, ___N.E.3d ___, ¶ 11 (referring to Prof.Cond.R. 1.8(c)(1), which defines a person related to a lawyer); *06/26/2015 Administrative Actions*, 142 Ohio St.3d 1522, 2015-Ohio-2568, 33 N.E.3d 68.

**{¶ 10}** The General Assembly also has not defined "mental or physical condition." Based on its context in R.C. 2907.02(A)(1)(c), the word "condition" means "[a] state resulting from a physical or mental illness," *Shorter Oxford English Dictionary* 483 (Sixth Ed.2007), or "a usually defective state of health," prerequisite, or restricting factor, *Merriam-Webster's Collegiate Dictionary* 259 (11th Ed.2020). Given this, we are persuaded that Horn's understanding of "condition" is more in line with what the General Assembly intended when it enacted R.C. 2907.02(A)(1)(c). Horn describes a condition as something "suffered by the alleged victim without reference to the accused," something that affects the victim independently. Horn suggests that bipolar disorder, dementia, and muscular dystrophy are examples of mental or physical conditions.

**{¶ 11}** It is clear to us that a "familial relationship" is not a "mental or physical condition." The state does not seriously attempt to counter this conclusion. Instead, it focuses on the phrase "substantial impairment" and fails to address the mental-or-physical-condition component of the statute. This approach ignores the statutory requirement that the "substantial impairment" be caused by a "mental or physical condition."

**{¶ 12}** We conclude, without prescribing exact definitions for either "familial relationship" or "mental or physical condition," that a familial relationship is not a mental or physical condition. R.C. 2907.02(A)(1)(c) clearly states that the "substantial impairment" must be caused by a "mental or physical condition." Accordingly, because a familial relationship is not a mental or physical condition, it is impossible for the state to prove beyond a reasonable doubt that Horn violated R.C. 2907.02(A)(1)(c) based on the theory that a familial relationship was the condition that caused the victims' substantial impairment.

### III. CONCLUSION

**{¶ 13}** We reverse the judgment of the court of appeals with respect to Counts 3 and 5 to the extent that the judgment was based on Horn's familial relationship with S.M. and J.M. Because the court of appeals' opinion sets forth another ground for Horn's conviction on Count 5—that J.M. is "low functioning," an issue that is not before this court—the court of appeals must consider whether that ground alone supports the conviction under Count 5. The cause is remanded to the court of appeals to reconsider Count 5 and subsequently to remand to the trial court for resentencing.

Judgment reversed in part
and cause remanded.

KENNEDY, FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

_____

Paul A. Dobson, Wood County Prosecuting Attorney, and David T. Harold and Thomas A. Matuszak, Assistant Prosecuting Attorneys, for appellee.

Mayle, L.L.C., Andrew R. Mayle, and Ronald J. Mayle; and Neil S. McElroy, for appellant.

_____