**[Cite as *State v. Horn*, 2023-Ohio-138.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-21-062

      Appellee                               Trial Court No.  2015CR0474

v.

Michael C. Horn                            **DECISION AND JUDGMENT**

      Appellant                              Decided:  January 18, 2023

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Andrew R. Mayle, Ronald J. Mayle, and Benjamin Padanilam,
for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Michael Horn, appeals the September 30, 2021

judgment of the Wood County Court of Common Pleas which, following remand from

this court, resentenced appellant to 30 years to life imprisonment on three counts of rape

with sexually violent predator specifications.  Because we find no error, we affirm.

## I. Facts and Procedural History

{¶ 2} In 2015, appellant was charged in a six-count bill of information with four counts of rape involving his stepdaughter (Counts 1-4), and two counts of rape involving his niece by marriage (Counts 5-6). The counts all contained sexually-violent-predator specifications. The charges were as follows:

- Count 1: August 1 to September 30, 2013, rape of S.M. whose ability to resist or consent was substantially impaired due to a mental or physical condition of which Horn was aware. R.C. 2907.02(A)(1)(c) and (B).

- Count 2: August 1 to September 30, 2013, rape of S.M. who was compelled to submit by force or threat of force. R.C. 2907.02(A)(2) and (B).

- Count 3: November 15 to December 14, 2013, rape of S.M. whose ability to resist or consent was substantially impaired due to a mental or physical condition of which Horn was aware. R.C. 2907.02(A)(1)(c) and (B).

- Count 4: November 15 to December 14, 2013, rape of S.M. who was compelled to submit by force or threat of force. R.C. 2907.02(A)(2) and (B).

- Count 5: November 28 to December 24, 2013, rape of J.M. whose ability to resist or consent was substantially impaired due to a mental or

2.

physical condition of which Horn was aware. R.C. 2907.02(A)(1)(c) and (B).

- Count 6: November 28 to December 24, 2013, rape of J.M. who was compelled to submit by force or threat of force. R.C. 2907.02(A)(2) and (B).

{¶ 3} Following a jury trial, appellant was found guilty on all counts. Following a bench trial on the specifications, the court found that appellant was a sexually violent predator. Prior to sentencing, the state elected to proceed on the counts charging impairment due to a physical or mental condition so Counts 2, 4, and 6 merged with Counts 1, 3, and 5. Appellant was then sentenced to three, ten-years to life sentences to be served consecutively.

## A. Horn I

{¶ 4} On direct appeal, appellant argued, inter alia, that there was insufficient evidence supporting R.C. 2907.02(A)(1)(c), that the victim's ability to resist was substantially impaired due to a mental or physical condition. *State v. Horn*, 2018-Ohio-779, 108 N.E.3d 158 (6th Dist.). Relevant to this appeal, as to Count 3 we affirmed the trial court's judgment finding that a familial relationship, stepfather and stepdaughter, could support the "mental or physical condition" element of the statute. *Id.* at ¶ 59-60. We then affirmed the lower court's judgment.

3.

*B. Supreme Court of Ohio Proceedings*

**{¶ 5}** On discretionary appeal to the Supreme Court of Ohio, appellant argued that a familial relationship is not a "mental or physical condition" for purposes of R.C. 2907.02(A)(1)(c). The court agreed noting that while such a relationship may be relevant to prove the element of force in a rape prosecution, it is not a mental or physical condition as contemplated by the statute. *State v. Horn*, 159 Ohio St.3d 539, 2020-Ohio-960, 152 N.E.3d 241, ¶ 8-11. Thus, appellant's conviction under Count 3 was reversed. The court then remanded the matter to the appellate court for a determination as to whether appellant's conviction under Count 5, rape of J.M. who the state asserted had a mental impairment, was supported by sufficient evidence. *Id.* at ¶ 13. Following our decision, this court was instructed to remand the matter to the trial court for resentencing. *Id.*

*C. Horn II*

**{¶ 6}** On remand from the Supreme Court of Ohio, the conviction under Count 5 was affirmed and the matter was remanded for resentencing. *State v. Horn*, 6th Dist. Wood No. WD-16-053, 2020-Ohio-3546.

*D. Resentencing*

**{¶ 7}** At the request of the trial court, the parties filed memoranda regarding the scope of resentencing. Specifically, the issue of whether the court could resentence appellant on Count 4 which, at the time of the 2016 sentencing, the state elected to have

4.

merged with Count 3. Following a lengthy analysis, the court determined that because the jury's finding of guilt as to Count 4 was undisturbed, it remained valid and that sentencing appellant on this count was the purpose of the resentencing hearing ordered by the Supreme Court of Ohio.

{¶ 8} The resentencing hearing took place on August 24, 2021. Appellant again objected to being sentenced on Count 4 and asserted his belief that the resentencing hearing should be limited to the sexually violent predator specification. The court then sentenced appellant to ten years to life imprisonment on each count, to be served consecutively, for a total term of 30 years to life. Thereafter, appellant commenced this appeal.

## II. Assignments of Error

I. At the state's election, the common pleas court in 2016 sentenced Mr. Horn to prison on count 3, which is an allied offense of similar import to count 4, which the state did not elect for sentencing. Then, in 2021, the court sentenced Horn to prison on count 4. This erroneously violates R.C. 2941.25(A), which bars successive sentences by stating that, as between allied offenses, the defendant may be convicted of only one.

II. The common pleas court erroneously failed to revisit the previous findings of Mr. Horn's liability on a sexually-violent-predator specification

now that the Supreme Court of Ohio has since vacated a conviction that the state used to prove the specification.

### III. Discussion

{¶ 9} Appellant's first assignment of error challenges the trial court's decision to sentence him on Count 4 which had been merged with Count 3 at the state's election prior to the 2016 sentencing. Appellant's argument is straightforward. He contends that the plain meaning of the allied offense statute's text "convicted of only one" means that because the state elected to proceed on Count 3, appellant could not subsequently be convicted of the allied offense in Count 4. The state counters that because a guilt finding that has merged for purposes of sentencing survives the merger, it follows that a defendant may be sentenced on the offense where the initial, alternative conviction was vacated.

{¶ 10} At the outset we note that the Double Jeopardy Clause, affords a defendant three basic protections:

> "'[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

6.

*Ohio v. Johnson*, 467 U.S. 493, 497-98, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

{¶ 11} R.C. 2941.25(A), the allied offense statute, provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 12} R.C. 2941.25(A) was enacted to protect a defendant from multiple punishments or convictions for the same offense, the third protection under the Double Jeopardy Clause. A conviction, for purposes of the allied-offense statute has been defined as a guilty verdict combined with imposition of a sentence or penalty. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12. It is clear that a defendant may be found guilty of multiple allied offenses; however, the offenses must merge at sentencing to prevent a double jeopardy violation caused by the imposition of multiple sentences for the same crime. *Id.* at ¶ 18. *See State v. Bollar*, Slip Opinion No. 2022-Ohio-4370, ¶ 14-16.

{¶ 13} The parties each contend that *Whitfield* supports their respective positions. Therein, the court stated:

> In cases in which the imposition of multiple punishments is at issue, R.C. 2941.25(A)'s mandate that a defendant may be "convicted" of only one allied offense is a protection against multiple sentences rather than multiple convictions. *See, e.g., Ohio v. Johnson* (1984), 467 U.S. 493, 498,

7.

104 S.Ct. 2536, 81 L.Ed.2d 425, in which the United States Supreme Court held that the Double Jeopardy Clause protects against successive prosecutions and against multiple punishments for the same offense. Thus, to ensure that there are not improper cumulative punishments for allied offenses, courts must be cognizant that R.C. 2941.25(A) requires that "the trial court effects the merger at sentencing." *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135. *See also State v. Palmer* (1997), 80 Ohio St.3d 543, 572, 687 N.E.2d 685; *Stewart*, 2006-Ohio-3310, 2006 WL 1781412, ¶ 6.

*Id.* at ¶ 18.

{¶ 14} Appellant contends that the "convicted of only one" language in *Whitfield* reinforces his argument for strict statutory construction. Conversely, the state asserts that such language reinforces the general, widespread Ohio court holdings that findings of guilt survive the merger of allied offenses.

{¶ 15} Analyzing *Whitfield* and under facts analogous to the present matter, the Second Appellate District has ruled that a defendant may be resentenced on guilty verdicts merged for sentencing when the charge which the state elected to proceed at sentencing is reversed on appeal. *State v. Turner*, 2d Dist. Clark No. 2020-CA-49, 2021-Ohio-2216. Following a jury trial, Turner was found guilty of purposeful murder, felony murder, and felonious assault; the charges were allied offenses and merged at sentencing.

8.

*Id.* at ¶ 2.  On appeal, the court reversed the purposeful murder conviction based on the court's failure to instruct the jury on the lesser included offense of reckless homicide.  *Id.* at ¶ 3.  On remand, the trial court sentenced appellant on the felony murder guilty verdict.  *Id.* at ¶ 6.

{¶ 16} Appealing the resentencing, Turner argued that a retrial, not just a resentencing, was necessary because he was not convicted of felony murder or felonious assault.  The court stated:

> Despite the lack of a conviction for felony murder and felonious assault, the fact remains that the jury returned guilty verdicts for both of those offenses. The Supreme Court of Ohio has explained that "the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing." (Footnote omitted.)  *Whitfield* at ¶ 27.  We have also explained that: "Where offenses are merged for sentencing and the conviction for the offense upon which the defendant was sentenced is vacated, the trial court must resentence the defendant on the offense that was merged with the vacated offense, again merging any offenses as appropriate."  *State v. Baker*, 2d Dist. Greene No. 2017-CA-55, 2018-Ohio-1865, ¶ 22.  We therefore find that Turner's guilty verdicts for felony murder and felonious assault remained intact after they merged with purposeful murder and were

9.

available for resentencing once the purposeful murder conviction was reversed.

*Id.* at ¶ 11. *See State v. Johnson*, 2018-Ohio-3670, 119 N.E.3d 914, ¶ 6 (8th Dist.).

{¶ 17} We agree with the Second Appellate District's analysis. Here, appellant was convicted of rape under both the mental or physical condition, R.C. 2907.02(A)(1)(c), and the force or threat of force provision, R.C. 2907.02(A)(2). Only the evidence supporting mental or physical condition element under Count 3 was found to be insufficient. Thus, the finding of guilt under Count 4 was intact.

{¶ 18} We further reject the notion that upon resentencing a defendant would be precluded from appealing the new conviction. As explained by the Eleventh Appellate District, a finding of guilt alone is not final and appealable and

> [w]ithout a final, appealable order, this court does not have jurisdiction to address the weight or sufficiency of the illegal manufacture of drugs or illegal assembly and possession of chemicals for the manufacture of drugs counts [remaining counts following the court vacating the aggravated arson conviction]. We therefore hold this matter must be remanded to the trial court for the state to, once again, elect the count on which it wishes to proceed to sentencing. Upon election, the trial court shall impose its sentence, at which time the new order of conviction will be final and appealable.

10.

*State v. Payne*, 11th Dist. Ashtabula No. 2014-A-0001, 2014-Ohio-4304, ¶ 27.[1]  *See State v. Ramos*, 8th Dist. Cuyahoga No. 103596, 2016-Ohio-7685, ¶ 16-17.

{¶ 19} Based on the foregoing, we find that the trial court did not err in sentencing appellant on the merged finding of guilt under Count 4.  Appellant's first assignment of error is not well-taken.

{¶ 20} Appellant's second assignment of error argues that because the Supreme Court of Ohio vacated his rape conviction under Count 3, the trial court erred when it failed to revisit his sexually violent predator adjudication.  The state counters that appellant's argument is precluded by our 2018 decision affirming the court's finding and his failure to appeal the issue to the Supreme Court of Ohio.  The state further contends that the Supreme Court of Ohio's decision specifically ordering that appellant be resentenced did not order a retrial on the sexually violent predator specification.

{¶ 21} Following a guilty verdict on the relevant charge, if a defendant elects to have the court, rather than the jury, determine the sexually violent predator specification the court is required to conduct a proceeding and consider evidence regarding the factors under R.C. 2971.01(H).  R.C. 2971.02.

---

[1] On petition for federal habeas relief, the court specifically rejected petitioner Payne's arguments relating to double jeopardy and the application of R.C. 2945.21(A).  *Payne v. Sloan*, N.D. Ohio No. 1:18CV302, 2021 WL 2952842 (July 14, 2021), adopting the magistrate's report and recommendations in *Payne v. Sloan*, N.D. Ohio No. 1:18-cv-302, 2020 WL 10357233 (Nov. 23, 2020).

11.

{¶ 22} First, we note that by supplanting the guilty verdict in Count 3 with Count 4 and proceeding to sentencing, appellant was still convicted of three, first-degree felony rape charges. Such convictions arguably support the court's initial determination that appellant "committed multiple sexually violent offenses over a period of approximately sixteen months, with two juvenile victims around the age of fourteen, both with a familial relationship to the defendant[.]" Importantly, the findings were affirmed on direct appeal (*Horn I*) by this court. We concluded that the trial court correctly considered the relevant statutory factors and that the court did not lose its way or create a manifest miscarriage of justice in its determination. *Horn*, 2018-Ohio-779, 108 N.E.3d 158, at ¶ 48-50.

{¶ 23} Next, following out decision in *Horn I*, appellant failed to appeal our affirmance of the sexual predator specification determination. Thus, it can be argued that appellant is barred from rearguing the issue especially in light of our rejection of appellant's first assignment of error.

{¶ 24} Finally, the language used in the Supreme Court of Ohio's and this court's judgments ordering the trial court to resentence appellant does not suggest that a retrial on the sexually violent predator determination was warranted. The court did not imply that the sexually violent predator specification was to be retried. Based on the foregoing, we conclude that the trial court did not err when it rejected appellant's request that the issue be revisited. Appellant's second assignment of error is not well-taken.

12.

## IV. Conclusion

{¶ 25} On consideration whereof, we affirm the September 30, 2021 judgment of the Wood County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas R. Wright, V.J.
CONCURS AND WRITES
SEPARATELY.

_____
JUDGE

Gene A. Zmuda, J.,
DISSENTS AND WRITES
SEPARATELY.

**WRIGHT, J., Concurs with a Concurring Opinion**

{¶ 26} I agree with the disposition and analysis of the majority opinion. I write separately to respond to the dissenting opinion's position that this matter must be reversed and remanded for the trial court to conduct a Constitutional Double Jeopardy analysis prior to resentencing appellant on Count 4.

{¶ 27} Initially, appellant did not argue (neither in the trial court nor on appeal) that his resentencing was a Constitutional Double Jeopardy violation. Rather, he claimed

13.

that his *statutory* rights were violated when the state elected to proceed on Count 4 and the trial court sentenced him on that count.  The dissent, however, advances the position that the trial court, sua sponte, should have conducted a Constitutional Double Jeopardy analysis and its failure to do so was error.  We are a court of error and "it is not this court's role to advance arguments on behalf of a party." *Zhuravlyov v. Bun*, 11th Dist. Lake No. 2019-L-102, 2020-Ohio-4108, ¶ 33.  Because appellant did not argue his constitutional rights were violated, he waived any such challenge and it is fundamentally improper for the dissent to assert, let alone find error on appellant's behalf.  *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) ("[a] party who fails to raise an argument in the court below waives his or her right to raise it [on appeal].").

{¶ 28} Even had appellant raised the issue, however, the position the dissent advances is flawed.  In the proceedings below, the trial court requested briefing on the parameters of sentencing pursuant to the Supreme Court's judgment vacating Count 3, upon which the state originally elected to proceed to sentencing.  In his brief, appellant, via counsel, asserted that R.C. 2941.25(A), Ohio's merger statute, did not allow the court to re-sentence him on Count 4 because the law provides a "defendant may be convicted of only one [allied offense]."  Because he was previously convicted on Count 3, appellant maintained, apparently pursuant to his right to be free from statutory Double Jeopardy, the court could not resentence him, i.e., he was already convicted of one merged count.

14.

The trial court considered his argument and determined that he could be resentenced on Count 4.

{¶ 29} "Case law has established that a conviction is composed of both a guilty verdict and the imposition of a sentence or penalty." *State v. Kamal*, 6th Dist. Lucas No. L-18-1094, 2019-Ohio-3928, ¶ 47, citing *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 17. The protections of R.C. 2941.25 are meant to guard against punishing a defendant for allied offenses, but "the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing." *Id.* at ¶ 50, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 NE.2d 182, ¶ 1, paragraph three of the syllabus.

{¶ 30} "A reversal based on insufficient evidence has the same effect as a not-guilty verdict because such a determination 'means that no rational factfinder could have voted to convict the defendant.'" *State v. M.L.D.*, 10th Dist. Franklin No. 15AP-614, 2016-Ohio-1238, ¶ 46, quoting *Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). As no conviction issues from an acquittal, no conviction ever existed or remains after a reversal on evidential insufficiency. R.C. 2941.25 permits one conviction on an allied offense. Because the conviction on Count 3 was vacated for insufficient evidence and has the same effect as a not guilty verdict, appellant was only convicted of one allied offense, Count 4.

**{¶ 31}** Moreover, I fail to see how the trial court's treatment of the issue would be constitutionally problematic as the dissent suggests. Although the trial court's analysis was framed in terms of Ohio's statutory Double Jeopardy provision, it is unclear how its analysis is not coterminous with the necessary Constitutional analysis. The Double Jeopardy Clause prevents, inter alia, multiple punishments for an allied (or "the same") offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds.* Because Count 3 was reversed upon a determination of insufficient evidence, that conviction was vacated. In effect, it was rendered a nullity and, accordingly, multiple punishments for the same offense were never imposed.

**{¶ 32}** By pointing out that a conviction must include both a sentence and a penalty, the trial court concluded that the guilty verdict on Count 4 was *not* a conviction. Because the conviction on Count 3 was reversed and vacated, which has the same effect as a not guilty verdict, there was no pre-existing conviction. The trial court therefore considered not only the statutory Double Jeopardy ramifications, but, at the same time, engaged in a sufficiently thorough Constitutional Double Jeopardy analysis. Because there are not multiple punishments, in this respect, the dissent's position would only require the court to engage in a meaningless task. Stated otherwise, it appears the dissent is conducting a plain-error analysis without expressly stating so; the dissent, however, fails to discuss or establish a necessary aspect of the plain-error analysis. Namely, that the alleged error affected a substantial right such that a manifest miscarriage of justice

occurred that would require reversal. *See e.g. State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Crim.R. 52(B). As there were no multiple punishments imposed, there is no Constitutional Double Jeopardy violation.

{¶ 33} The dissent draws a distinction between a substantive reversal for insufficient evidence and a mere sentencing error (e.g., sentencing a defendant on merged allied offenses, but running the sentences concurrently, *see Whitfield*, *supra*). While there are significant legal and procedural differences between a so-called substantive reversal and a sentencing error these differences do not impact disposition. Once Count 3 was vacated for insufficient evidence, appellant had no extant conviction on the formerly merged offenses. The conclusion that the guilty finding on Count 3 was insufficient did not negate the jury's guilty finding on Count 4. Accordingly, and in light of the trial court's treatment of the issue, I discern no error in the manner the trial court approached resentencing or in its legal analysis.

{¶ 34} Of course, assuming arguendo, the trial court failed to fully consider the Constitutional dimensions of the Double Jeopardy Clause, we review this matter of law de novo. In this regard, the lead opinion's assessment of the issue(s) before this court is constitutionally sufficient and on point.

{¶ 35} Regarding the dissent's concern that appellant "had no legal means to challenge" the jury's finding of guilty on Count 4, he certainly could have challenged the sufficiency or weight of the evidence of the *now final* conviction in this appeal of the

17.

current sentencing entry. *See* Lead Opinion, pp. 9-10, citing *State v. Payne*, 11th Dist. Ashtabula No. 2014-A-0001, 2014-Ohio-4304, ¶ 27.

{¶ 36} One final point deserves comment. As discussed above, appellant makes the textual argument that R.C. 2941.25, by its very language, does not permit the trial court to impose a sentence on a previously merged count. He is incorrect. He additionally makes a policy argument, however, that when the state proceeds to sentencing on its own election, it does so at its peril and if the election goes awry on appeal, it is not entitled to "re-elect." I disagree.

{¶ 37} "It is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result." *Mishr v. Poland Bd. of Zoning Appeals,* 76 Ohio St.3d 238, 240, 667 N.E.2d 365 (1996). It would be bordering on preposterous to think the legislature intended for a defendant to avoid punishment for a crime due to an erroneous election. In short, appellant's policy position is inherently untenable.


**ZMUDA, J.**

{¶ 38} In *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, the Ohio Supreme Court held that a guilty finding on an allied offense, for which no sentence is imposed, survives the imposition of sentence on another allied offense. *Id.* at ¶ 25. In her dissent, Justice Lanzinger foresaw the risk in this holding in that the guilt finding was left "in limbo" and deprived an offender from the finality of judgment,

18.

potentially leaving them subject to double jeopardy should their conviction be overturned on appeal. *Id.* at ¶ 36 (Lanzinger, J., dissenting), citing *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 8; *State v. Waters,* 8th Dist. No. 85691, 2005-Ohio-5137. While addressing an unrelated issue on allied offenses in a separate appeal, the 8th District Court of Appeals later expressed similar apprehension as to the status of unsentenced allied offenses.[2]

{¶ 39} The limbo status of those unsentenced guilty findings, to date, has been inconsequential as this court has not encountered a case in which the sentenced allied offense was reversed on substantive grounds—until now. In this appeal, we must determine whether the trial court was prohibited from sentencing appellant on count 4, which was merged into a single conviction with count 3, when his conviction on count 3 was determined to be based on insufficient evidence on appeal. Because I find that the trial court failed to ensure appellant's protection from double jeopardy while sentencing appellant on that merged offense on remand (count 4), I respectfully dissent from the majority as to appellant's first assignment of error.

---

[2] *See State v. Ramos,* 8th Dist. Cuyahoga No. 103596, 2016-Ohio-7685, ¶ 17 (stating, with regard to *Whitfield,* "[t]his could become an issue if, at some point after appeal, the count into which the allied offense was merged is vacated. Suppose facts similar to this case but the aggravated murder conviction is vacated post-appeal—what would happen to the allied offenses that were merged for sentencing? If the defendant was not sentenced on them, he was technically not "convicted" of those offenses. Would those offenses just disappear? Or would the defendant be subject to sentencing on the remaining counts, having been denied the opportunity to contest the sufficiency of the evidence?").

19.

## I. This appeal presents an issue of first impression for this court.

### A. Appellant's constitutional right to be free from double jeopardy is properly before the court in this appeal.

{¶ 40} Before addressing the merits of my dissent from the majority, I must address whether our review of appellant's constitutional double jeopardy protections—and the basis for my dissent—are properly before the court in this appeal. The concurring opinion finds that because appellant only requested that this court interpret R.C. 2941.25 and its application to his case, that this appeal requires resolution of only a "statutory" issue rather than appellant's constitutional rights. Specifically, the concurrence finds that because appellant did not explicitly assign error to the violation of his constitutional rights, that the constitutional issue is not before the court. Further, the concurrence finds that this court is precluded from reviewing the constitutional issue because appellant waived that issue by not raising it at the trial court below. *See State ex rel. Zollner v. Indus. Comm.,* 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993). Respectfully, I disagree.

{¶ 41} The concurring opinion's treatment of the issue before this court as being "statutory" versus "constitutional" is a distinction without a difference. Both the U.S. and Ohio Constitutions prohibit an offender from being subject to double jeopardy—successive prosecutions and multiple punishments for the same offense. *Whitfield* at ¶ 7. R.C. 2941.25 is the Ohio legislature's incorporation of that constitutional right into Ohio law. *Id., see also State v. Rogers,* 6th Dist. Erie Nos. E-21-027, E-21-031, 2022-Ohio-

20.

4126, ¶ 16, citing *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. Both at the trial court below, and in this appeal, appellant argues that the trial court erred in sentencing him on the merged count 4 following his successful appeal reversing his conviction on count 3. This, he argues, resulted in successive punishments for the same conduct, despite having had his original conviction reversed. The concurring opinion is correct that appellant's argument is framed as seeking review of an alleged violation of his rights under R.C. 2941.25. However, by limiting its analysis to the "statutory" issue, the concurring opinion does not address the clear authority that R.C. 2941.25 is the codification of an offender's constitutional double jeopardy rights or explain how our review of the statutory right would differ from our review of the constitutional rights. Indeed, the concurrence finds that the trial court's analysis of the "statutory" double jeopardy protections are "coterminous with the necessary constitutional analysis." The concurring opinion's conclusion that a trial court's statutory analysis would likewise ensure protection of appellant's constitutional rights shows that the statutory and constitutional issues are one in the same. Finding that the trial court's analysis ensures the protection of appellant's right under both R.C. 2941.25 and the U.S. and Ohio Constitutions is further evidence that the constitutional issue is properly before this court, not that appellant waived that issue.

{¶ 42} Further, even assuming the concurring opinion is correct that appellant only seeks our interpretation of R.C. 2941.25 in a vacuum, without addressing whether the

21.

application of the statute violates appellant's constitutional double jeopardy protections, we are still not precluded from addressing that issue. The Ohio Supreme Court previously held that while appellate courts do not consider arguments that were not raised in the courts below, "when an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue." *State v. Castagnola,* 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 67, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.,* 67 Ohio St.3d 274, 279, 617 N.E.2d 1075 (1993). *See also Citibank, N.A. v. Hine,* 2019-Ohio-464, 130 N.E.3d 924, ¶ 47; *Union Savings Bank v. Schaefer,* 10th Dist. Franklin No. 13AP-222, 2013-Ohio-5704, ¶ 29; *Weiss v. State Medical Board of Ohio,* 2013-Ohio-4215, 997 N.E.2d 570, ¶ 18 (10th Dist.). As described below, *Whitfield* established the procedure that trial courts must follow in order to comply with the protections of R.C. 2941.25 when an appellant is successful on appeal in vacating the conviction for an allied offense. *Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182. This procedure requires the trial court to conduct a double jeopardy analysis before proceeding to sentencing on the undisturbed guilty finding on count 4. *Id.* at ¶ 25. Because R.C. 2941.25 is the codification of an offender's constitutional double jeopardy protections, I find that ensuring compliance with those rights is implicit in our "statutory" analysis. As the concurring opinion notes, the constitutionality of a statute, in this instance the application of R.C. 2941.25, is an issue of law that we review de novo. *Cleveland v.*

22.

*State,* 157 Ohio St.3d 330, 2019-Ohio-3820, 136 N.E.3d 466, ¶ 15. Therefore, even assuming the concurring opinion is correct that appellant's assigned error only raises a "statutory" issue, the protection of his constitutional rights codified in that statute is an issue of law implicitly subject to our review in order to resolve the assigned error. *Castagnola* at ¶ 67.

{¶ 43} In light of the indistinguishable nature of appellant's "statutory" and "constitutional" double jeopardy rights, and the implicit nature of the constitutional issue to our resolution of the assigned error, I find that not addressing appellant's constitutional rights solely due to his use of R.C. 2941.25's language to raise that issue would improperly promote form over substance. Put simply, appellant seeks this court's review of his constitutional double jeopardy protections. That issue is properly before this court and we should address it accordingly. In addressing this issue, I dissent from the majority for the following reasons.

**B. The trial court failed to conduct the necessary double jeopardy analysis, requiring reversal of the trial court's judgment and remand for further proceedings.**

{¶ 44} In affirming the trial court's decision, the majority primarily relies on *State v. Turner*, 2d Dist. Clark No. 2020-CA-49, 2021-Ohio-2216. In that decision, the Second District Court of Appeals held that because the guilty verdict on unsentenced allied offenses survived after sentencing, that those guilty findings remained subject to sentencing when the conviction was reversed on appeal. *Id.* at ¶ 11. I believe that *Turner*

23.

is inapplicable to the present appeal, even as persuasive authority, as it misapplied *Whitfield's* holding regarding sentencing errors.

### i. The resentencing permitted in *Whitfield* applies as a matter of law only when allied offenses are reversed for sentencing errors.

{¶ 45} In *Whitfield,* the trial court imposed a sentence for both counts on which appellant was found guilty—drug possession and drug trafficking. *Whitfield* at ¶ 2. On appeal, the Eighth District Court of Appeals held that this was error since the imposition of sentence constituted a "conviction" for each offenses and, because they were allied offenses, R.C. 2941.25(A) prohibited more than one conviction. *Id.* at ¶ 4. However, rather than remand the matter to the trial court for resentencing, and allowing the state to elect the offense on which appellant should be sentenced, the Eighth District simply vacated Whitfield's conviction for drug possession. *Id.* The state appealed to the Ohio Supreme Court, arguing that the proper procedure was to remand the entire case back to the trial court to allow the state to determine the offense on which Whitfield would be sentenced. *Id.* at ¶ 5.

{¶ 46} The Ohio Supreme Court agreed with the state, holding that this was a procedural sentencing error and that the Eighth District should have remanded the matter back to the trial court for resentencing. *Id.* at ¶ 25. Specifically, the court held that "[i]f, upon appeal, a court of appeals finds reversible error *in the imposition of multiple punishments for allied offenses,* the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it

24.

will pursue against the defendant." *Id.* (emphasis added). While this established the procedure that must be followed on allied offense sentencing errors, "trial courts must address any double jeopardy protections that benefit the defendant" on remand. *Id.* The court further held that sentencing errors on allied offenses did not generally invoke any double jeopardy protections stating:

> '*At least in the absence of an acquittal or termination based on a ruling that the prosecution's case was legally insufficient*, no interest protected by the Double Jeopardy Clause precludes a retrial when reversal is predicated on trial error alone. * * * The purpose of the Double Jeopardy Clause is to preserve for the defendant acquittals or favorable factual determination but not to shield from appellate review erroneous legal conclusion not predicated on any factual determinations.' Thus, the state is not precluded from pursuing any of the allied offenses upon a remand for a new sentencing hearing.

*Id.*, citing *State v. Calhoun,* 18 Ohio St.3d 373, 376-377, 481 N.E.2d 624 (1985) (emphasis added).

{¶ 47} Therefore, while the court in *Whitfield* held that the trial court is always obligated to consider double jeopardy protections on remand from an appeal related to allied offenses, it also held that a mere sentencing error on those offenses does not invoke double jeopardy protections. *Id.* at ¶ 25. This is because a sentencing error arises from

an erroneous legal conclusion, the review of which does not impede the preservation of an acquittal or factual finding in appellant's favor. *Id.,* citing *Calhoun* at 376-377. Instead, the sentencing error is an error in applying the law to the established facts. That type of error is not shielded from review under the Double Jeopardy Clauses of the United States and Ohio Constitutions. *Id.*

{¶ 48} To the contrary, *Whitfield* offers no conclusion as to whether double jeopardy protections are invoked when the reversal is based on a "termination based on a ruling that the prosecution's case was legally insufficient[.]" *Id.* It is a reversal on factual findings—for example, that the state did not introduce sufficient evidence to support the conviction—that demands the trial court analyze appellant's double jeopardy protections on remand to ensure preservation of those findings in appellant's favor. *Id.*

{¶ 49} Put simply, the holding in *Whitfield* stands for the proposition that a trial court must conduct a double jeopardy analysis upon remand from an error related to allied offenses before conducting any additional proceedings. It does not, however, compel or even arguably permit subsequent proceedings until the trial court has determined that those proceedings will not violate the appellant's double jeopardy protections.

{¶ 50} Recently, while addressing an issue related to the allied offense statute's impact on merged firearm specifications, the Ohio Supreme Court restated its holding in *Whitfield* as indicating further proceedings are necessary when a conviction for an allied

26.

offense is vacated, rather than compelling a new sentencing on remand as a matter of law. *See State v. Bollar,* Slip Opinion No. 2022-Ohio-4370. In *Bollar,* the court determined whether *Whitfield's* definition of conviction under R.C. 2941.25—that is, a guilty finding coupled with the imposition of sentence—applied to the General Assembly's use of "conviction" in R.C. 2929.14(B)(1)(g). *Id.* at ¶ 16. Relevant to this appeal, the court in describing the import of *Whitfield,* stated "when allied offenses are merged, if the judgment of conviction on the offense for which the defendant was sentenced is reversed on appeal, the state *may* seek to have the defendant sentenced on remand for the merged offense. *Id.* at ¶ 14, citing *Whitfield* at ¶ 25 (emphasis added). As we have held in regard to statutory interpretation, the logical conclusion from *Bollar's* use of "may" rather than "shall" is that sentencing on the previously unsentenced allied offense is not compulsory when the conviction on the sentenced offense is vacated. *See Hamer v. Danbury Twnshp. Bd. of Zoning Appeals,* 2020-Ohio-3209, 155 N.E.3d 218, ¶ 14 (6th Dist.), citing *Dorrian v. Scioto Conservancy Dist.,* 27 Ohio St.2d 102, 107, 271 N.E.2d 834 (1971) (holding that "statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary.") This conclusion comports with the plain reading of *Whitfield,* which only mandates sentencing for an allied offense on remand when the bases for reversal was a mere sentencing error. This most recent decision addressing *Whitfield* has reaffirmed, then, the conclusion that the trial court must complete the double jeopardy analysis to determine whether sentencing on the allied

27.

offense is warranted if the reversal of an allied offense conviction is substantive—that is, not a mere sentencing error.

{¶ 51} In this case, appellant's conviction on count 3 was reversed because the state introduced insufficient evidence. *State v. Horn*, 159 Ohio St.3d 539, 2020-Ohio-960, 152 N.E.3d 241, ¶ 13 (*Horn II,* as designated by the majority). The Ohio Supreme Court remanded the case to this court to consider whether the state had introduced sufficient evidence under its alternative theory on count 5 as we did not address that issue on direct appeal.[3] *Id.* The Ohio Supreme Court also directed this court to "remand to the trial court for resentencing" after resolving the appeal as to the state's alternative theory. *Id.* While the Ohio Supreme Court did not specify the scope of that subsequent resentencing, it also made no specific reference to sentencing appellant on count 4 on remand. *Id.* This court subsequently affirmed appellant's conviction on count 5 under the state's alternative theory. *State v. Horn,* 6th Dist. Wood No. 2016WD0053, 2020-Ohio-3546, ¶ 1. We then remanded this matter for "resentencing" but also did not provide any further guidance to the trial court as to the scope of that resentencing. *Id.* at ¶ 15.

---

[3] On direct appeal, we found that the state's introduction of appellant's familial relationship with the victim constituted a mental or physical condition that substantially impaired her ability to resist or consent to sexual conduct with appellant. *Horn I,* at ¶ 60. In light of that conclusion, we did not address whether the victim's "low-functioning" mental capacity constituted a substantial impairment. *Id.* at ¶ 62.

28.

{¶ 52} *Whitfield* establishes the procedure a trial court must follow in this scenario. The trial court must take the primary step of conducting a double jeopardy analysis to determine whether sentencing the offender on the previously-unsentenced merged offense will violate the offender's double jeopardy rights. Only after conducting that analysis, and finding that the sentencing will not violate double jeopardy protections, may a trial court proceed with sentencing on the merged offense. *Whitfield* does permit the trial court to forego this analysis when the reversal is based on a mere sentencing error as that type of reversal does not violate double jeopardy as a matter of law. *Whitfield* at ¶ 25. I find that the trial court did not conduct this necessary analysis and disagree with the majority's reliance on *State v. Turner,* 2d Dist. Clark No. 2020-CA-49, 2021-Ohio-2216 to affirm the trial court's judgment.

### ii. *Turner* did not determine whether double jeopardy protections are violated on a substantive reversal of an allied offense conviction.

{¶ 53} In affirming the trial court's decision, the majority primarily relies on the Second District Court of Appeals' analysis in *State v. Turner,* 2d Dist. Clark No. 2020-CA-49, 2021-Ohio-2216. In *Turner,* the defendant was convicted of purposeful murder, felony murder, and felonious assault. *Id.* at ¶ 2. The trial court held that these were allied offenses and Turner was sentenced on the purposeful murder offense. *Id.* In his first appeal, the Second District Court of Appeals vacated his purposeful murder conviction because the trial court failed to give a proper jury instruction on the lesser-included offense of reckless homicide. *Id.* at ¶ 3. On remand, the trial court sentenced Turner on

29.

the felony murder offense, merging the felonious assault count into that conviction. *Id.* at ¶ 6. Turner appealed alleging that he was entitled to a new trial rather than a resentencing. The court, citing *State v. Baker,* 2d Dist. Greene No. 2017-CA-55, 2018-Ohio-1856, ¶ 22, held that the trial court did not err in resentencing appellant on the merged allied offenses since the guilty findings remained intact following his conviction. *Id.* at ¶ 11, citing *Whitfield* at ¶ 12. In light of this, I believe that *Turner* was incorrectly decided.

{¶ 54} Initially, I note that *Turner's* reliance on *Baker* does not comport with the holding in *Whitfield. Baker* is indeed factually similar to the present appeal in that it involves the reversal of a conviction for an allied offense and the subsequent sentencing on remand for the merged offense. *Baker* at ¶ 22. However, in *Baker,* the basis for the reversal of the conviction was that the sentenced offense—attempted felony murder—did not exist under Ohio law. *Id.* In other words, the conviction was based on an erroneous legal conclusion and not predicated on any factual determinations that benefited Baker. *Id.* Under *Whitfield's* guidance, this error would not invoke double jeopardy protections as it did not terminate the proceedings based on a factual finding in Baker's favor. *See Whitfield* at ¶ 25. Because the error in *Baker* did not compel double jeopardy analysis on remand, it provides no guidance for the present appeal. In turn, *Turner's* reliance on *Baker* to find that sentencing an offender on the merged allied offense on remand, without regard to the bases on which the conviction was reversed, is misplaced.

30.

**{¶ 55}** The court in *Turner* compounds this issue by also not addressing the defendant's double jeopardy protections in that case, despite the fact that his conviction was reversed on a substantive factual issue. Instead, the court in *Turner* erroneously presumed resentencing was appropriate in light of *Baker*. *Whitfield* plainly requires the trial court to conduct a double jeopardy analysis on remand for an error in allied offense convictions before conducting any further proceedings on the unsentenced allied offense. *Whitfield* at ¶ 22. *Turner* is devoid of any analysis related to whether appellant could be sentenced on remand for the previously-unsentenced allied offense without violating his double jeopardy protections. This alone brings *Turner's* holding as persuasive authority for the present appeal into question. Therefore, I find that the majority's reliance on *Turner* is misplaced.

### iii. *Whitfield's* holding as applied to the present appeal

**{¶ 56}** While finding that *Turner* is not controlling authority on the issue before us, I make careful note that the procedure established in *Whitfield* to ensure an offender's double jeopardy rights are protected *is* directly applicable to our resolution of the present appeal. The Ohio Supreme Court made clear that the reversal of a conviction for an allied offense based on "an acquittal or a termination based on a ruling that the prosecution's case was legally insufficient" obligates the trial court to perform a constitutional double jeopardy analysis on remand prior to imposing a sentence on count

31.

4.  The record shows that the trial court did not complete this analysis in accordance with *Whitfield.*

### C. The trial court erred in failing to determine whether appellant's rights under the Double Jeopardy Clause were violated.

{¶ 57} Following his successful appeal, the Ohio Supreme Court remanded appellant's appeal to this court to consider whether the state's previously-unaddressed, alternative argument that the evidence supported appellant's conviction on count 5 was sufficient.  *Horn II*, 159 Ohio St.3d 539, 2020-Ohio-960, 152 N.E.3d 241, at ¶ 13.  Upon affirming appellant's conviction on count 5, we remanded this matter to the trial court for resentencing as instructed by the Ohio Supreme Court in *Horn II*.  *State v. Horn*, 6th Dist. Wood No. WD-16-053, 2020-Ohio-3546, ¶ 15.

{¶ 58} On remand, the trial court requested the parties address their positions as to the scope of that resentencing, particularly as to whether the trial court could impose a sentence on count 4 which had previously been merged into count 3 for purposes of sentencing.  Appellant filed his brief on March 2, 2021.  Appellant argued that the imposition of sentence on count 4 would result in multiple convictions for the previously merged allied offenses and violate R.C. 2945.01's codified double jeopardy protections. In its April 8, 2021 brief, the state argued that appellant's success on appeal ended the requirement that the counts be merged and, that to adopt appellant's argument would allow him to escape sentencing on an otherwise valid guilty finding.  Appellant's April 23, 2021 reply brief reiterated his prior argument and alleged that the state's election to

32.

sentence him on count 3 precluded the trial court from sentencing him on count 4 in any subsequent proceedings.

{¶ 59} In its May 24, 2021 order determining the scope of resentencing, the trial court noted that there was a "paucity of case law" regarding this issue. The court focused its attention on the general procedures it should follow when an appeal is remanded for resentencing. Specifically, the trial court noted that an order to resentence an offender "generally anticipates a de novo sentencing hearing." *State v. Stubbs,* 6th Dist. Sandusky No. S-19-048, 2020-Ohio-4536, citing *State v. Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 10. That scope can be limited, however, when the only issues reversed on appeal were sentencing errors. *Id.*, citing *State v. Nia,* 2014-Ohio-2527, 15 N.E.3d 892, ¶ 21-22 (8th Dist.). The trial court relied on this authority to find that the "resentencing" ordered on remand required it to sentence appellant on count 4 since that was the only issue unresolved on appeal, a conclusion affirmed by the majority. I dissent from the majority's conclusion and find that the trial court erred when it imposed a sentence on count 4 without first conducting the double jeopardy analysis required by *Whitfield*.

{¶ 60} In appellant's original trial, the state conceded that counts 3 and 4 were allied offenses and subject to merger for purposes of sentencing. Despite the merged conviction having been reversed on appeal for insufficient evidence—that is, a substantive reversal rather than an "erroneous legal conclusion not predicated on any

33.

factual determinations" as described in *Whitfield*—the trial court treated this reversal as a sentencing error on remand. Specifically, the trial court stated that while appellant's guilty verdict on count 4 survived his conviction on count 3 pursuant to *Whitfield,* the remand order must be "considered in conjunction with the rules relative to the scope of resentencing[.]" The trial court made no reference to appellant's double jeopardy protections. In light of the case authority addressing sentencing errors, the trial court held that solely because appellant's guilty verdict on count 4 was the only issue "undisturbed by either the Sixth District Court of Appeals or the Ohio Supreme Court," that the remand order was limited in scope to that issue only.

{¶ 61} The trial court's rationale is faulty for three reasons. First, and most importantly, it treated the Ohio Supreme Court's reversal on count 3 as a sentencing error rather than a substantive error. *Whitfield* clearly requires that on remand, the trial court was obligated to conduct the necessary analysis to ensure appellant's double jeopardy protections were not violated should it proceed with sentencing on count 4. The trial court failed to conduct any double jeopardy analysis and instead relied on authority related to sentencing errors only. This alone warrants reversal of the imposition of appellant's sentence on count 4.

{¶ 62} Second, the trial court's reasoning that it must sentence appellant on the guilty finding on count 4 simply because it is the only issue "undisturbed" on appeal presumed that count 4 could have been addressed on appeal. This is incorrect.

34.

Appellant's guilty finding on count 4 did not constitute a conviction because there was no sentence imposed on that count. *Whitfield* at ¶ 12, citing *State v. Gapen,* 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 135 (holding that a "conviction consists of a verdict and a sentence"). Therefore, the guilt finding on count 4 was not subject to direct appeal. *See State v. Worley,* 8th Dist. Cuyahoga No. 103105, 2016-Ohio-2722, ¶ 23 (holding that the guilt findings on unsentenced allied offenses are not convictions and therefore not subject to appellate review). It is illogical, then, for the trial court to base its conclusion that appellant was subject to sentencing on the guilty finding on count 4 because it remained "undisturbed" when appellant had no legal means to challenge that finding.

{¶ 63} The trial court's presumption, likewise, negates the purpose of any double jeopardy protections afforded to appellant. The Double Jeopardy Clauses of the United States and Ohio Constitutions, along with R.C. 2941.25, prohibited the imposition of sentence on count 4, the allied offense, at appellant's original sentencing. By presuming that this count must be resentenced on appeal without first conducting the double jeopardy analysis, the trial court, as a matter of law, equated an "undisturbed" guilt finding with a guilt finding that remained unsentenced due to double jeopardy protections. If this were true, the Ohio Supreme Court in *Whitfield* would not have obligated trial courts to conduct a double jeopardy analysis upon reversal of a conviction for an allied offense. An allied offense conviction, by its very nature, *always* leave an

35.

"undisturbed" guilt finding without an accompanying sentence. There would be no need for *Whitfield's* mandate to conduct the double jeopardy analysis if those unsentenced counts remained viable for sentencing on remand as a matter of law. If the trial court's presumption that any "undisturbed" guilt finding is subject to sentencing on remand were correct, offenders who succeed in reversing an allied offense conviction on appeal may have their double jeopardy protections summarily denied without any further recourse. This simply cannot be the case.

{¶ 64} Lastly, the trial court's conclusion incorrectly presumed that a sentence must be imposed on any guilty verdict that is not merged with another allied offense. There is no prohibition in Ohio law against a guilty verdict remaining unsentenced. The Ohio Supreme Court in *Whitfield* recognized this fact when it noted that an unsentenced guilt finding may remain on an offender's record and be used against them in the future. *See Whitfield* at ¶ 13, citing *State ex rel. Watkins v. Fiorenzo,* 71 Ohio St.3d 259, 260, 643 N.E.2d 521 (holding that an unsentenced guilty finding constitutes a "conviction" prohibiting a public official's unlawful interest in a contract pursuant to R.C. 2941.42); *State v. Cash,* 40 Ohio St.3d 116, 532 N.E.2d 111 (holding that an unsentenced guilty finding constitutes a "conviction" for purposes of Evid.R. 609(A) and could be used for impeachment of a witness). Indeed, this court recently vacated the sentence on a guilty finding without vacating the verdict itself. *See State v. Edmead,* 6th Dist. Wood No. WD-21-074, 2022-Ohio-2608, ¶ 18, citing *State v. Owens,* 181 Ohio App.3d 725, 2009-

36.

Ohio-1508, 910 N.E.2d 1059, ¶ 35 (7th Dist.) (holding that the remedy for an unreasonable delay in sentencing is for "the sentence to be reversed, rather than a full dismissal of the charges"). The presence of an unsentenced guilt finding on count 4 should not, then, form the basis for the compulsory imposition of sentence on that count, particularly when the trial court has not ensured the protection of appellant's constitutional rights on remand.

{¶ 65} Having determined that the trial court erred in not properly addressing appellant's constitutional double jeopardy protections, I must address the concurring opinion's apparent misunderstanding of the ramifications of this finding. The concurring opinion disagrees with my dissent, in part, based on the fact that appellant purportedly would not succeed in showing that his double jeopardy rights were violated because his guilty finding on count 4 was not disturbed on appeal. Essentially, the concurring opinion performs the double jeopardy analysis and finds that appellant's rights were not violated. As a result, the concurrence finds that appellant's constitutional rights were protected and the judgment should be affirmed.

{¶ 66} This analysis incorrectly presumes that my conclusion is that the trial court should resolve the double jeopardy issue in appellant's favor. It does not. My conclusion makes no determination as to whether appellant's sentencing is constitutionally permissible, nor do I suggest how the trial court should rule when it performs the appropriate double jeopardy analysis. The sole impact of my conclusion is that this

37.

matter needs to be remanded for the trial court to conduct the appropriate analysis *before* we address whether appellant's sentencing on count 4 was permissible. Should the trial court determine that appellant is subject to sentencing on count 4 after it has performed the correct analysis, we may address the merits of that decision on a subsequent appeal. My dissent does not reach this issue and should only be construed as ensuring that the constitutional procedural requirements identified in *Whitfield* are met before we address appellant's assigned error.

{¶ 67} In conclusion, I find that it was incumbent on the trial court to consider the implications of the Ohio Supreme Court's vacation of appellant's conviction on the merged offense on substantive grounds as it relates to any proceedings on the unsentenced allied offense by considering appellant's double jeopardy protections prior to imposing a sentence on count 4. The trial court failed to conduct this analysis. Moreover, I find it would be inappropriate for this court to conduct this analysis for the first time on appeal. The appropriate action is to remand this matter to the trial court to conduct the required analysis.

## B. Conclusion

{¶ 68} For these reasons, I would find appellant's first assignment of error well-taken and would remand this matter to the trial court for further proceedings. Because the majority affirms the trial court's judgment on appellant's first assignment of error, I respectfully dissent.

38.

Judge Thomas R. Wright, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.